## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Margaret Brown

v.

Willie Tucker
and Daniel Smith

July 1, 1969

By JUDGE ROBERT LEWIS YOUNG

On yesterday the Court heard oral testimony and argument on the written Motion to Dismiss this action as to the defendant, Daniel Smith, for failure to obtain service of process upon him within one year after the commencement thereof.

It appears that the Motion for Judgment herein was filed in the Clerk's Office of this Court on August 15, 1967, the address of defendant, Smith, pursuant to Code Section 8-46.1 and Rule 3:3(a) in the caption being "512 North 21st Street." On this same date, namely August 15, 1967, the Clerk issued the Notice of Motion for Judgment and Proof of Service required by Rule 3:3(e) and Rule 3:4, placing the same in the hands of the Sheriff, together with copies of the Motion for Judgment. Service was had on defendant, Tucker, on August 16, 1967, but no service was had on Smith that day, the Deputy Sheriff receiving word that Smith had moved from No. 512. The accident reports signed by the investigating officer and Tucker had listed Smith's address as No. 512. The plaintiff, however, who was keeping company with Smith at that time, was of the opinion that he resided at No. 805 North 21st Street. This information was furnished the Sheriff, who again unsuccessfully attempted service

and made his return "Not found in my bailiwick" on the Proof of Service, the same being received and filed in the Clerk's Office on October 10, 1967. One Lillian Collins, who identified herself as a sister of defendant, Smith, testified that at one time her brother had resided at No. 805 North 21st Street, but that he had made his home at her home, No. 530 North 31st Street, for a period of "about five years," all of which was known to the plaintiff, who had been a visitor in her home. The Court file is silent as to any other request for an additional copy of Proof of Service, pursuant to the last paragraph of Rule 3:4 until March 21, 1969. A proper service under this was had on March 25, 1969. It appeared that Smith's correct address was learned by plaintiff's counsel in connection with interrogatories propounded to the plaintiff by Tucker on January 13, 1969, and answered by her on March 6, 1969. The plaintiff did not testify that during the period August, 1967, until January, or March, 1969, she made any effort to ascertain the true place of residence of Smith, or, indeed, that she was ignorant of it.

The Court cannot find as a fact that the plaintiff exercised due diligence to have timely service on Smith. If diligence to locate Smith had been exercised to no avail, service should have been had on the Commissioner of Motor Vehicles under Code Section 8-67.1, referring to Section 8-71.

A draft of an order sustaining the Motion to Dismiss may be presented. Nelson v. Vaughan, 210 Va. 1 (1969), decided by our Court of Appeals a few days ago does not appear to be helpful here.