## CIRCUIT COURT OF FREDERICK COUNTY

Rosenquist

v.

Rosenquist

October 17, 1986

Case No. (Chancery) C-85-156

By JUDGE ROBERT K. WOLTZ

The issue argued yesterday in this case involves the application of Rule 2:4, Rules of the Supreme Court, and more specifically the last paragraph of that Rule, which reads:

> No decree shall be entered against a defendant who was served with process more than one year after the institution of suit against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

The plaintiff instituted suit for divorce *a mensa et thoro* on July 12, 1985. Service of process was not had upon the defendant until August 4, 1986, nearly thirteen months later. No issue was raised about the plaintiff exercising due diligence to obtain timely service, in fact it was represented that the defendant has continued to live locally at a place of abode known to him. From representations there is some indication process may not have been served within a year because the parties were attempting to reconcile. Be that as it may, the defendant more recently has instituted her own suit for divorce.

Defendant moves to dismiss the suit on the basis of Rule 2:4. The pertinent portion of the Rule does not

in terms say that in default of timely service under it the suit shall be dismissed, but only that no decree be entered against the defendant. It is difficult to see, however, what action could be taken in the suit if no such decree can be entered. That being true, denial of the defendant's motion to dismiss would result in retaining the case on the docket until dismissed, possibly under the "two-year rule" or "five-year rule," Code Section 8.01-335. This would seem to be an empty thing.

Under the portion of the Rules covering practice in actions at law the last paragraph of Rule 3:4 is identical to Rule 2:4, using only variations in terminology to reflect differences in chancery and law practice. The substance of the two Rules is identical.

In *Nelson v. Vaughan*, 210 Va. 1 (1969), the Supreme Court reversed the dismissal by the trial court of a law action because of "the long delay" (but less than one year) in service of process after institution of the action. The pertinent portion of Rule 3:4 is identical to the same portion of then-Rule 3:3. The Court observed:

> Rule 3:3 *gives a court authority to dismiss an action* because of delay in the service of process only if process is served more than one year after the motion for judgment is filed in the clerk's office. (Emphasis added.)

Finding that service of process had been within the time limit specified by the Rule dismissal of the action was held error.

Based on the interpretation in that case expressed in the language quoted above, this Court does have authority to dismiss the complainant's suit for failure to serve timely under Rule 2:4, and the defendant's motion to dismiss is sustained and decree to that effect will enter. Note is made that no claim has been put forward that the plaintiff was fraudulently induced to delay service of process beyond one year from institution of suit, and the Court expresses no opinion in that regard.