## CIRCUIT COURT OF FREDERICK COUNTY

Naomi Pearl Campbell

    v.

Lynda Gail Vaughan

August 3, 1987

Case No. (Law) 4274

By JUDGE ROBERT K. WOLTZ

At issue is application of the last paragraph of Rule 3:3 of the Rules of the Supreme Court of Virginia which provides as follows:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

This rule authorizes dismissal of actions where there has been delay in service of process beyond a year after commencement of the action, *Nelson v. Vaughan*, 210 Va. 1 (1969), but with restriction on that authority where due diligence has been exercised to obtain timely service.

July 3, 1982, the Plaintiff and the Defendant, who was driving her mother's car, were involved in an accident in Frederick County and at which time the Defendant lived with her mother at 547 Gray Avenue in the City of Winchester. The following chronology is obtained from process

appearing in the record and testimony of the only witness, namely the Defendant.

1. In October or November, 1982, three or four months after the accident, the Defendant moved with her mother one block to 408 Gray Avenue, remaining there until September, 1983, and then moved to Hampton for about two months when she moved to Richmond, living there until February, 1984. Her mother continued to live at 408 Gray Avenue to the 1986 date of taking Defendant's evidence.

2. January 20, 1984, the Plaintiff commenced suit against the Defendant (and also against John Doe) by filing a Motion for Judgment in this Court and the same day process was issued showing the Defendant's address as 547 Gray Avenue.

3. January 24, 1984, is the date of the sheriff's return of "not found" with the notation "moved."

4. January 27, 1984, a Notice of Motion for Judgment with required fee was left at the office of the Commissioner of the Division of Motor Vehicles and the same day a copy of process was forwarded to the Defendant at 547 Gray Avenue, furnished as her last known address, all of which appears from the affidavit of compliance from the Division.

5. February, 1984, by which time the Defendant was no longer at the specific address in Richmond where she had moved from Hampton. The evidence does not show whether she was elsewhere in Richmond, or in Winchester or some other place, but she joined the Army in April, 1984, though the evidence does not disclose for how long she was in the Army nor where she was posted during that time.

6. June, 1984: Early in the month a procedurally defective effort was made to serve the Defendant through the Secretary of the Commonwealth, after which a new Notice of Motion for Judgment was issued by the Clerk and served on the Secretary of the Commonwealth July 3, 1984, which office certified compliance with statutory provisions and mailed certified a copy of the papers to the Defendant at 547 Gray Avenue.

7. January, 1985, found the Defendant again living at 408 Gray Avenue though the evidence does not disclose how much earlier she had resumed living there.

The foregoing are all the pertinent events during the first year after commencement of this suit. No further action was taken by the Plaintiff for fifteen months after

the July 1984 service on the Secretary of the Commonwealth when:

8. September 18, 1985, the Sheriff of Winchester made a return of "not found" with the notation "moved." The record does not disclose any address on the process, but the evidence shows the Defendant moved from 408 Gray Avenue to 200 North Cameron Street in June, 1985, and left that address in September apparently returning to 408 Gray Avenue.

9. October 17, 1985, approximately twenty-two months after commencement of the action the City Sheriff served the Defendant by posting, the address shown on the process being 408 Gray Avenue. Within twenty-one days from that date the Defendant filed responsive pleadings including her Motion to Dismiss.

During the year following commencement of the action only one valid effort was made at serving the Defendant with process which effort proved fruitless. See paragraphs 2 and 3 above. Three days after the Sheriff's return of not found, service was attempted through the Division of Motor Vehicles. Service in that fashion is limited to those actually nonresident at the time of an accident or those who were resident at the time of the accident but have been outside the Commonwealth continuously for sixty days before process is left with the Division of Motor Vehicles. §§ 8.01-307 and 8.01-308. This purported service was of no effect, for the Defendant was at the time a resident of Virginia. In any event, it would appear to be ill-advised as the Plaintiff had process issued to the Defendant at 547 Gray Avenue, Winchester, on January 20, 1984, obviously feeling she was a resident of Virginia. Only one week later Plaintiff had service at the Division of Motor Vehicles. This was in complete disregard of the statutory requirement that the person sought to be served by this method must have been outside the Commonwealth at least sixty days before leaving process at the Division.

The efforts to serve through the Secretary of the Commonwealth, see paragraph 6 above, are of no effect. If for no other reason the affidavit in support of such service, see § 8.01-329(A1), says the Defendant was a nonresident. She was not a nonresident at the time. The affidavit did not rest on the alternate ground that the

Plaintiff had exercised due diligence but was unable to locate the Defendant. This is indicative of the fact that even the Plaintiff did not feel up to that time that due diligence had been exercised to have the Defendant served with process.

The events described in paragraphs 8 and 9 above are of no importance to the decision whether the Plaintiff used due diligence to obtain service of process within a year after commencement of action, as those events occurred nine or ten months after the one year period had passed.

In addition the flawed, unauthorized and ineffective efforts to serve the Defendant through the Division of Motor Vehicles and the Secretary of the Commonwealth during the year after commencement of suit are likewise disregarded. Unauthorized legally ineffective efforts at service of process do not justifiably fall under the heading of "due diligence." Mere hustle and bustle and striking out in all directions is not sufficient.

For the purposes of this decision, judicial notice is taken of official census figures which would show that in 1984 the City of Winchester had a population of approximately 20,000.

The only cognizable action taken by the Plaintiff during the year following commencement of the course against the Defendant was the one instance of issuance of process described in paragraph 2 above. In my opinion the burden is on the Plaintiff under Rule 3:3 to show the due diligence necessary to excuse failure to have service within the year period. This the Plaintiff has failed to do. Under these circumstances the rule provides that no judgment can be entered against the Defendant. Consequently the Defendant's Motion to Dismiss is sustained.