COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bumgardner and Frank
Argued at Alexandria, Virginia


CONTEE A. HARRIS

MEMORANDUM OPINION[*] BY

v.    Record No. 2986-98-4      JUDGE JERE M. H. WILLIS, JR.

MARCH 7, 2000

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
William Shore Robertson, Judge

(Mark B. Williams, on brief), for appellant.
Appellant submitting on brief.

(Mark L. Earley, Attorney General; Richard B.
Smith, Senior Assistant Attorney General, on
brief), for appellee. Appellee submitting on
brief.


On appeal from his conviction of unlawful wounding, in

violation of Code § 18.2-51, Contee A. Harris contends that the

trial court erred in deferring a finding of guilt and placing

him on probation. Because we find that Harris waived any

objection by freely entering into a lawful plea agreement, we

affirm the judgment of the trial court. See Anders v.

California, 386 U.S. 738, 744 (1967).

On January 27, 1997, a grand jury indicted Harris on one

count of malicious wounding, in violation of Code § 18.2-51.

Harris pled guilty to the lesser-included offense of unlawful

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

wounding, pursuant to a plea agreement.  The plea agreement provided that the trial court would defer adjudication on the plea, that Harris would be placed on probation for three years, and that upon his successful completion of the probationary period, the trial court would convict him of assault and battery, in violation of Code § 18.2-57.  The plea agreement provided that if Harris violated any of the terms of his probation, he would "be adjudicated guilty on his plea of guilty."

On October 23, 1998, Harris' probation officer reported a violation of the conditions of the probation.  Harris conceded that he had violated the conditions of the probation, and all parties agreed that Harris was to be sentenced under the plea agreement.  The trial court convicted Harris of unlawful wounding and sentenced him to five years imprisonment, with all but one year and eleven months suspended.  Harris lodged no objection either to this procedure or to his conviction and sentence.

Harris contends that the trial court abused its authority by deferring adjudication on his guilty plea and by placing him on probation prior to a conviction.  He concedes he lodged no objection before the trial court, but argues that this abuse effected a divestiture of jurisdiction, which may be raised at any time.  See Morrison v. Bestler, 239 Va. 166, 169-70, 387 S.E.2d 753, 755 (1990).  We decided this very question in Holden

-

v. Commonwealth, 26 Va. App. 403, 494 S.E.2d 892 (1998), which held that the same procedure and disposition was merely a procedural deviation and not an abdication or divestiture of subject matter jurisdiction.  See id. at 407-08, 494 S.E.2d at 894.  Because the trial court retained jurisdiction to convict Harris and he lodged no objection to the procedure, we will not consider for the first time on appeal his argument that the procedure was erroneous.  See Rule 5A:18.

> "[Harris], having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position."  "No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate -- to invite error . . . and then to take advantage of the situation created by his own wrong."

Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992) (citations omitted).

The judgment of the trial court is affirmed.

Affirmed.

-