537 S.E.2d 602

## Ray Lloyd POWELL

v.

## COMMONWEALTH of Virginia.

**Record No. 3042–99–1.**

Court of Appeals of Virginia,
Richmond.

Nov. 28, 2000.

14

Robert J. Wagner (Wagner & Wagner, on briefs), Richmond, for appellant.

Shelly R. James, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: BUMGARDNER, HUMPHREYS and CLEMENTS, JJ.

HUMPHREYS, Judge.

Ray Lloyd Powell was tried on March 23, 1999 in a bench trial on a charge of threatening to bomb the dwelling of Jennifer Heath. The sole question involved in this appeal is whether the trial court erred in not dismissing the charge, after taking the matter under advisement until November 30, 1999.

## I.  Background

Following the presentation of evidence from the prosecution and during the presentation of evidence by the appellant, the trial court passed a note to appellant's counsel which stated, "I am going to take this case under advisement until 8/31/99. Dismiss if no other problems between [defendant and victim]." The defense then ended its examination of the witness on the stand and rested. The trial court immediately stated *sua sponte*, "I'll take the matter under advisement until August 31st [of 1999]. If there are no other problems between Mr. Powell and Ms. Heath, the matter can be dismissed."

At a hearing on November 30, 1999, the Commonwealth proffered that appellant had been charged with three new offenses in Dinwiddie County, including a new charge of threatening to bomb or burn. Counsel for appellant reminded the trial court that it had taken the matter under advisement, represented to the court that there had been no further problems between appellant and Ms. Heath, and asked the court to dismiss the charge. The trial court responded, "Yeah, that wasn't to say I wasn't going to find him guilty, so let's not argue that. There's plenty of evidence to find him guilty for this thing.... I'm not going to dismiss the charge. I find him guilty as charged." The appellant was sentenced to five years incarceration with two years suspended.

On December 3, 1999, appellant filed a motion for a new trial in which he argued that he was entitled to dismissal based upon "fundamental fairness." He asserted that in reliance upon the note passed to his counsel by the court, appellant curtailed his questioning of the witness on the stand, chose to rest without calling further witnesses or testifying himself, and did not make any motion to strike or offer any closing argument. The appellant asserts on brief that this motion for a new trial was denied, but the record from the trial court does not reflect that a hearing was held or that it was acted upon in any way.

## II. Analysis

In determining whether as a matter of law, appellant was entitled to have the charge dismissed, we must first decide whether the trial court possessed the authority to take this matter under advisement with a view toward ultimate dismissal if certain probationary conditions were met.

Society and the administration of justice benefit when juries and judges resolve factual and legal issues as expeditiously as due deliberation permits. It also follows that a judge, when functioning as fact finder, should be permitted the same latitude we give a jury to review and consider the evidence and applicable legal principles. We, therefore, find no impropriety in a trial court taking a matter under advisement for a reasonable time for purposes such as to review and reflect upon the evidence, to seek briefs or memoranda from counsel on any legal issues involved, to conduct its own legal research or to craft its opinion or verdict.

Nevertheless, such was not the case here. The purpose served here in taking this matter under advisement was entirely remedial and rehabilitative and took a form similar to probation on certain terms and conditions.

Generally, absent an express statutory grant, trial courts may not dismiss criminal charges on grounds other than the legal or factual merits. *Holden v. Commonwealth*, 26 Va.App. 403, 407, 494 S.E.2d 892, 895 (1998). However, the

General Assembly has in some instances given trial courts explicit authority to defer a finding of guilt, notwithstanding the fact that evidence was presented proving guilt beyond a reasonable doubt.[1] When considering these statutes, the maxim of statutory construction referred to as *expressio unius est exclusio alterius*, "the expression of one thing implies the exclusion of another thing," applies. This maxim provides that where a statute speaks in specific terms, an implication arises that omitted terms were not intended to be included within the scope of the statute. *See, e.g., Turner v. Wexler*, 244 Va. 124, 127, 418 S.E.2d 886, 887 (1992). Applying this principle to construe a statute, the Supreme Court has held that "[w]hen a legislative enactment limits the manner in which something may be done, the enactment also evinces the intent that it shall not be done another way." *Grigg v. Commonwealth*, 224 Va. 356, 364, 297 S.E.2d 799, 803 (1982). *See also Commonwealth v. Brown*, 259 Va. 697, 704–05, 529 S.E.2d 96, 100 (2000).

■ Except in those instances where the General Assembly has authorized a trial court to defer a finding of guilt even though the proof has established the guilt of the defendant beyond a reasonable doubt, trial courts may not defer a factual finding of guilt or acquittal or a judgment of guilt or acquittal. This case does not fall within one of these legislatively created exceptions.

The General Assembly has decided when deferring judgment, as a remedial or rehabilitative tool, is appropriate. It has obviously chosen to do so on a selective basis. Thus, in all other cases, the remedial and rehabilitative options available to the courts are limited to its sentencing authority.[2]

---

1. *See, e.g.,* Code §§ 18.2–57.3 (assault and battery against a family or household member); 18.2–61 (marital rape); 18.2–67.1 (marital forcible sodomy); 18.2–67.2 (marital object sexual penetration); 18.2–67.2:1 (marital assault and battery); 18.2–138.1 (malicious damage to public property); 18.2–251 (possession of controlled substances or marijuana); and 19.2–303.2 (certain property crimes constituting misdemeanors).

2. Code § 19.2–303 provides that

■ We, therefore, hold that, where the evidence is sufficient beyond a reasonable doubt to convict, in the absence of specific statutory authority to defer a finding of guilt, a trial court has no authority to defer judgment and further proceedings, with a view toward dismissal of the charge upon meeting certain terms and conditions imposed by the court. Accordingly, we find that the trial court erred on March 23, 1999 when, without statutory authority to do so, it deferred its judgment and took the matter under advisement on terms and conditions.

■ Finally, we must decide whether the error of the trial court was harmless and cured by the subsequent judgment that it found was supported by the evidence.

In Virginia, non-constitutional error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01–678.

> " '[A] fair trial on the merits and substantial justice' are not achieved if an error at trial has affected the verdict. Consequently, under Code §. 8.01–678, a criminal conviction must be reversed unless 'it plainly appears from the record and the evidence given at the trial that' the error did not affect the verdict. An error does not affect a verdict if a reviewing court can conclude, without usurping the [ ] fact finding function, that, had the error not occurred, the verdict would have been the same."

*Neeley v. Commonwealth,* 17 Va.App. 349, 359, 437 S.E.2d 721, 727 (1993) (citations omitted). " 'Constitutional error, on the other hand, is harmless only when the reviewing court is "able

---

*[a]fter conviction,* whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the accused on probation under such conditions as the court shall determine or may, as a condition of a suspended sentence, require the accused to make at least partial restitution to the aggrieved party or parties for damages or loss caused by the offense for which convicted, or to perform community service, or both, under terms and conditions which shall be entered in writing by the court.

(Emphasis added).

to declare a belief that it was harmless beyond a reasonable doubt." ' " *Id.* (citations omitted).

Here the trial court was sitting as the fact finder and suggested its disposition of the case before the completion of all incidents of trial.[3] The record supports the assertions made by the appellant in his motion to reconsider, that in reliance upon the note passed to his counsel by the trial.court, he curtailed or abandoned the opportunity to present witnesses, to testify in his own defense and to make a closing argument. We, therefore, cannot conclude beyond a reasonable doubt that the appellant suffered no prejudice to any trial right guaranteed by the Sixth Amendment or Article 1, Section 8 of the Constitution of Virginia. Accordingly, we do not find that this error was harmless and cured by the subsequent judgment rendered by the court.

We reverse the judgment of the trial court and remand this case for a new trial.

*Reversed and remanded.*

---

3. The record does not indicate whether the passing of the note by the trial court to counsel for appellant was an *ex parte* communication or whether the Commonwealth was similarly advised of the trial court's decision to take the case under advisement.