Tuesday        17th

July, 2001.


Ray Lloyd Powell,                                    Appellant,

 against        Record No. 3042-99-2
                Circuit Court No. CR98-3610

Commonwealth of Virginia,                              Appellee.


Upon a Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Willis,
Elder, Bray, Annunziata, Bumgardner, Humphreys and Clements


Robert J. Wagner (Wagner & Wagner, on
brief), for appellant.

Shelly R. James, Assistant Attorney General
(Mark L. Earley, Attorney General, on
brief), for appellee.


By opinion dated November 28, 2000, a panel of this Court reversed the judgment of the trial court and remanded this case for a new trial. Powell v. Commonwealth, 34 Va. App. 13, 537 S.E.2d 602 (2000). We stayed the mandate of that decision and granted rehearing en banc. Upon rehearing en banc, we withdraw the opinion previously rendered on November 28, 2000, vacate the mandate entered on that date, reverse the judgment of the trial court, and remand this case to the trial court for a new trial, if the Commonwealth be so advised.

The record before us discloses that the trial court improperly curtailed the presentation of evidence and argument,

thereby denying the parties a fair trial and forestalling the ends of justice. We do not address the permissibility of the procedure undertaken by the trial court, because that issue was not raised before the trial court and was not presented or developed by the parties on appeal.

_____

Benton, J., with whom Elder, J., joins, concurring, in part, and dissenting, in part.

I concur in the part of the judgment reversing the conviction, but I dissent from the part of the judgment remanding the case for a new trial.

I would remand the case with instructions that would give effect to the trial judge's ruling when he took this matter under advisement. At that time, he noted only the following condition:

> I'll take the matter under advisement until August 31st [of 1999]. If there are no other problems between Mr. Powell and Ms. Heath, the matter can be dismissed.

The Commonwealth did not object to the trial judge's ruling and suggested no other conditions. Because Powell complied with the conditions imposed by the trial judge when he took the case under advisement, I would remand this case with instructions to the trial judge to dismiss the prosecution. In analogous cases, where judges have revoked the suspension of sentences, both the Supreme Court and this Court have indicated that judges must scrupulously honor the conditions they have placed upon criminal defendants. See e.g. Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964)

- 2 -

(noting that "when the accused has complied with conditions specified, he has a right to rely upon them, and the suspension will stand"); Dyke v. Commonwealth, 193 Va. 478, 483, 69 S.E.2d 483, 486 (1952) (holding that "[i]f the defendant had kept [the] condition [of suspension], then the court was bound by that condition"); Preston v. Commonwealth, 14 Va. App. 731, 419 S.E.2d 288 (1992) (holding that when the evidence fails to prove a violation of the condition upon which suspension was based, the trial judge abuses discretion by revoking the suspension).  I can find no reason why similar limitations on a judge's discretion should not exist here.

_____

Humphreys, J., concurring.

I concur in the result in this matter for the reasons stated in the order; however, I would address the issue of the authority of the trial court to defer the finding and judgment.  It is true that the Commonwealth did not object to the trial court's decision to take the finding in this case under advisement and to place the appellant on probation on terms and conditions.  Nevertheless, the failure to object is of no moment and the issue may be decided by this Court if the judgment was void, based upon the manner in which the trial court exercised its jurisdiction.

The Supreme Court of Virginia has held

"it is essential to the validity of a judgment or decree, that the court rendering it shall have jurisdiction of both the subject matter and parties.  But this is not all, for both of these essentials may exist and still the judgment or

- 3 -

decree may be void, because the character of the judgment was not such as the court had the power to render, <u>or because the mode of procedure employed by the court was such as it might not lawfully adopt</u>."

<u>Evans v. Smyth-Wythe Airport Commission</u>, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998) (citations omitted) (emphasis added).  The Supreme Court has also noted that

> [t]he distinction between an action of the court that is void <u>ab</u> <u>initio</u> rather than merely voidable is that the former involves the underlying authority of a court to act on a matter whereas the latter involves actions taken by a court which are in error.  An order is void <u>ab</u> <u>initio</u> if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it, <u>or if the mode of procedure used by the court was one that the court could "not lawfully adopt."  The lack of jurisdiction to enter an order under any of these circumstances renders the order a complete nullity and it may be "impeached directly or collaterally by all persons, anywhere, at any time, or in any manner</u>."

<u>Singh v. Mooney</u>, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001) (citations omitted) (emphasis added).

Certainly our Supreme Court could not have intended words of such clear and strong import to serve as precedent in only select matters.  Indeed, I would consider this case to involve the paradigmatic situation that the Court intended to address.  Here, the record very clearly demonstrates that the trial court reached its ultimate determination by way of a mode of procedure that the trial court had no authority to lawfully adopt.  As the Commonwealth conceded at oral argument, under the circumstances of this case,

- 4 -

there is simply no statutory authority pursuant to which the trial court could have lawfully deferred a finding or judgment.

As a rule, trial courts may not dismiss criminal charges on grounds other than the legal or factual merits. Holden v. Commonwealth, 26 Va. App. 403, 407, 494 S.E.2d 892, 895 (1998). However, the General Assembly has in some instances given trial courts explicit authority to defer a finding of guilt, notwithstanding the fact that evidence was presented proving guilt beyond a reasonable doubt.[1]

"When a legislative enactment limits the manner in which something may be done, the enactment also evinces the intent that it shall not be done another way." Grigg v. Commonwealth, 224 Va. 356, 364, 297 S.E.2d 799, 803 (1982). See also Commonwealth v. Brown, 259 Va. 697, 704-05, 529 S.E.2d 96, 100 (2000). Except in those instances where the General Assembly has expressly authorized a trial court to defer a finding of guilt even though the proof has established the guilt of the defendant beyond a reasonable doubt, trial courts may not defer a factual finding of guilt or acquittal or a judgment of guilt or acquittal.[2]

---

[1] See, e.g., Code §§ 18.2-57.3 (assault and battery against a family or household member); 18.2-61 (marital rape); 18.2-67.1 (marital forcible sodomy); 18.2-67.2 (marital object sexual penetration); 18.2-67.2:1 (marital assault and battery); 18.2-138.1 (malicious damage to public property); 18.2-251 (possession of controlled substances or marijuana); and 19.2-303.2 (certain property crimes constituting misdemeanors).

[2] There seems little dispute about this point. The Commonwealth conceded on brief and in argument that trial courts lack the

Thus, since the trial court utilized an unlawful mode of procedure, it lacked the requisite jurisdiction to enter the final order under these circumstances. In light of this, the order of the court was rendered "a complete nullity" which may be impeached at "any time," and "in any manner," irrespective of whether the issue had been properly raised and/or preserved by the parties. Singh, 261 Va. at 52, 541 S.E.2d at 551.

Accordingly, I would decide the issue and hold that the judgment of the trial court was void because it lacked the statutory authority to defer a finding and judgment for the purpose of placing the appellant on terms and conditions. Therefore, the trial court lacked jurisdiction to enter the resulting final order.

_____

Accordingly, we withdraw the opinion previously rendered on November 28, 2000, vacate the mandate entered on that date, reverse the judgment of the trial court, and remand this case to the trial court for a new trial, if the Commonwealth be so advised.

It is ordered that the trial court allow counsel for the appellant a total fee of $925 for services rendered the appellant on this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses.

_____

authority to defer findings or judgments of guilt in the absence of express statutory authority to do so, and the appellant conceded in argument that he could find no case authority to the contrary.

This order shall be published and certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk