[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-2573

UNITED STATES OF AMERICA,

Appellee,

v.

NATHAN WADE CONLEY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

Before

Torruella and Selya, Circuit Judges,

and Lisi,* District Judge.

George H. Murphy, by appointment of the court, on brief for
appellant.
Paula D. Silsby, United States Attorney, and Margaret D.
McGaughey, Appellate Chief, on brief for appellee.

September 21, 2001

_____
*Of the District of Rhode Island, sitting by designation.

**Per Curiam.** A federal grand jury, sitting in Maine, indicted defendant-appellant Nathan Wade Conley on two drug-trafficking counts. Specifically, the indictment alleged that the appellant twice had distributed cocaine in violation of 21 U.S.C. § 841(a)(1). Both counts invoked the penalty provision of 21 U.S.C. § 841(b)(1)(C) — a penalty provision that embodies what we have called "the default statutory maximum" for cocaine trafficking. United States v. Eirby, ___ F.3d ___, ___ (1st Cir. 2001) [No. 00-1945, slip op. at 10]. The government then filed an information pursuant to 21 U.S.C. § 851, pointing out that the appellant had three prior felony drug convictions — a fact which, if true, would trigger an enhancement provision built into 21 U.S.C. § 841(b)(1)(C) and boost his potential maximum sentence from twenty to thirty years.

The appellant eventually pled guilty to both counts of the indictment, acknowledging in the plea agreement and during the change-of-plea colloquy that, due to the built-in enhancement for prior drug felonies, he faced a potential maximum sentence of thirty years. The sentencing court subsequently found that the appellant had committed, and had been convicted for, the three prior drug felonies; that the career offender guideline, USSG §4B1.1, therefore applied; that the offenses charged in the indictment involved a total of 196.3

-3-

grams of cocaine; and that the guideline sentencing range was 188-235 months (offense level 34; criminal history category VI). The court then departed downward on the government's motion, see USSG §5K1.1, and sentenced the appellant to a 150-month incarcerative term.  This appeal ensued.

The appellant argues that the district court had no right to use his prior convictions to increase the statutory maximum because those convictions were neither charged in the indictment nor proved to a jury beyond a reasonable doubt.  This argument derives from the Supreme Court's recent decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), but it misconceives the thrust of that decision.  In holding that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," the Court specifically exempted "the fact of a prior conviction." Id. at 490.  This was no accident:  by phrasing its holding in that manner, the Apprendi Court left intact the Court's earlier holding in United States v. Almendarez-Torres, 523 U.S. 224 (1998).  There, the Court ruled that the fact of a prior conviction could be treated as a sentencing factor rather than an element of a later offense (and, accordingly, did not need to be charged in the indictment, submitted to the jury, or proven beyond a reasonable doubt).

-4-

Id. at 235.  Almendarez-Torres governs this case and conclusively refutes the appellant's argument.  See United States v. Patrick, 248 F.3d 11, 28 (1st Cir. 2001); United States v. Terry, 240 F.3d 65, 73-74 (1st Cir. 2001).

We add a coda.  In this instance, the prior convictions did, as the appellant asseverates, serve to increase the maximum possible punishment, but the sentence actually imposed did not exceed the unenhanced statutory maximum.  That is, the guideline sentencing range (188-235 months), as computed by the district court, fell wholly within the statutory maximum (240 months), and the sentence actually imposed (150 months) was well below that maximum.  We have held before, and today reaffirm, that "[t]heoretical exposure to a higher maximum punishment, in and of itself, is not enough [to work a violation of the Apprendi principle]."  United States v. Robinson, 241 F.3d 115, 122 (1st Cir. 2001).  The triggering event needed to animate Apprendi is the imposition of a sentence in excess of the default statutory maximum — and the district court imposed no such sentence here.

The fact that the prior convictions served to increase the appellant's criminal history score (and, thus, the guideline sentencing range) is of no moment.  The Apprendi principle does not apply to guideline computations simpliciter, even when those computations result in a higher sentence — so long as the

-5-

sentence actually imposed does not outstrip the default statutory maximum. E.g., Eirby, ___ F.3d at ___ [slip op. at 10]; United States v. Caba, 241 F.3d 98, 101 (1st Cir. 2001). Consequently, no cognizable Apprendi error transpired here.

We need go no further. The district court did not go astray in the imposition of sentence.

**Affirmed.**