# CIRCUIT COURT OF THE CITY OF DANVILLE

Commonwealth of Virginia

v.

Susan Lucas Bryant

December 3, 2001

Case Nos. 01-604, 01-605CR

BY JUDGE JOSEPH W. MILAM, JR.

Following a bench trial, this court found Susan Lucas Bryant ("S. Bryant") guilty of petit larceny as to certain items belonging to her former husband, Gregory Thad Bryant ("G. Bryant"), and of grand larceny as to certain items belonging to Hendrika Brouwer. S. Bryant, by counsel, asks this court to suspend imposition of judgment as to grand larceny of items belonging to Hendrika Brouwer and to "take this case under advisement" notwithstanding this court's prior determination as to the defendant's guilt beyond a reasonable doubt.

S. Bryant asserts the Court of Appeals specifically reaffirmed the authority of a trial court to take cases under advisement with terms when, acting *en banc*, it withdrew and vacated the panel's opinion in *Powell v. Commonwealth*, 34 Va. App. 13, 537 S.E.2d 602 (2000). *Powell v. Commonwealth*, 36 Va. App. 231, 548 S.E.2d 926 (2001) (*"Powell II"*). Since *Powell II* does "not address the permissibility of the procedure undertaken by the trial court," it seems presumptuous to assume that it authorizes the proposal urged on behalf of the defendant. *Id.* at 232.

After considering the authorities cited, this court is of the opinion that to the extent it has the authority to defer judgment, it is nevertheless inappropriate to do so in this case. Without question, S. Bryant's case offers a number of unusual circumstances. The criminal cases against S. Bryant arise out of a divorce and related domestic disputes between G. Bryant and S. Bryant. The underlying criminal complaints against S. Bryant were made by G. Bryant and his current spouse, Hendrika Brouwer, shortly after a custody

hearing in another court. Apparently, the outcome of that proceeding was unfavorable to G. Bryant. Evidence presented at the sentencing, in this matter, establishes that S. Bryant is a licensed clinical social worker and her license will be revoked or terminated upon conviction of a felony.

In many ways, S. Bryant's situation is not unique. Many defendants whose criminal charges are tried in this court can offer compelling personal or "special" circumstances. While such circumstances are considered for purposes of sentencing, they are generally immaterial to the question of innocence or guilt.

At the guilt or innocence stage of a criminal case, it seems misguided to focus attention upon collateral issues, such as the impact of a conviction upon a defendant rather than the underlying elements of the crimes charged. Deferring judgment because a case is difficult or unique may be inviting, but such a practice hardly seems wise or just. Where the Commonwealth has, in the opinion of the trier of fact, proved the elements of a crime charged beyond a reasonable doubt, it is ill-advised to entertain whether judgment should be imposed or suspended for an indeterminate period. It is equally ill-advised, and obviously contrary to defendant's due process rights, to employ a similar deferral process where guilt is not proved beyond a reasonable doubt. In addition to the implications to litigants themselves, deferring or suspending judgment based solely upon sympathy or the professional status of a defendant could compromise public confidence in the integrity of our system of justice by permitting inconsistent and seemingly disparate results.

The argument that S. Bryant's request is expressly permitted by § 19.2-303 of the Code of Virginia, as amended, takes that statute beyond its terms. Certainly, a trial court is permitted to suspend and even withhold imposition of a sentence or other sanction, such as a fine, upon a finding of guilt. The statute is obviously predicated upon an underlying determination of guilt. In this court's opinion, the statute does not permit suspension of a finding of guilt or innocence. Again, as noted above, even if it does permit such a process, this court declines to do so in this case.

S. Bryant requests this court to delay or suspend imposition of judgment of guilt as to grand larceny.[1] Alternatively, S. Bryant asks this court to

---

[1] Although charged in a separate indictment with grand larceny as to certain items belonging to G. Bryant, this court found reasonable doubt as to the valuation element of that charge and found S. Bryant guilty of petit larceny. As S. Bryant's purpose is to avoid a felony conviction, she does not specifically address the petit larceny conviction in her request.

reconsider its finding of guilt as to the larceny of items belonging to Hendrika Brouwer, specifically a certain bracelet. For the sake of brevity, suffice it to say that this court accepts and acknowledges the authorities cited in support of S. Bryant's argument regarding *animus furandi* or criminal intent, which are required to be proved as an element of larceny.

Here, S. Bryant's *bona fide* claim of right, based upon her belief that she owned the bracelet in question is contradicted by credible and overwhelming evidence. Even if the testimony of G. Bryant and Hendrika Brouwer is discounted as biased, S. Bryant's testimony as to ownership of the bracelet is contradicted by the testimony of a former friend to whom the bracelet, as well as other items taken by S. Bryant contemporaneously with the bracelet, were transferred. The friend's testimony regarding S. Bryant's expressed criminal intent is buttressed by S. Bryant's letter to that friend and her husband. S. Bryant's mother-in-law, whose relationship with S. Bryant apparently remains cordial, testified that she had received the bracelet as a gift and had in turn gifted the bracelet to Hendrika Brouwer. The evidence clearly establishes that S. Bryant took a number of items from G. Bryant and Hendrika Brouwer at the time she removed the bracelet in question from her former marital residence. Such items included personal documents and other items. S. Bryant could offer no claim of ownership as to these additional items. In addition, S. Bryant's own separation agreement together with an attached exhibit, apparently reviewed and modified by S. Bryant, stands as strong evidence that S. Bryant neither owned nor possessed the bracelet in question.

No matter how tragic the underlying events which led to S. Bryant's convictions may be and regardless of any sympathy the Court may have for S. Bryant, in the opinion of the Court to which the case was tried, the Commonwealth proved grand larceny as to items belonging to Hendrika Brouwer. For the reasons noted above, this Court denies S. Bryant's request to suspend or defer its judgment and reaffirms its findings previously announced in Court.