COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


TRAVIS ANTONIO BARNES

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1485-05-1             JUDGE ELIZABETH A. McCLANAHAN
                                                                NOVEMBER 7, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                              Charles D. Griffith, Jr., Judge

            Harry Dennis Harmon, Jr., for appellant.

            Stephen R. McCullough, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Travis Antonio Barnes appeals his sentence after pleading guilty to two counts of robbery

in violation of Code § 18.2-58 and one count of using a firearm while committing a robbery in

violation of Code § 18.2-53.1.  He contends 1) the trial court lacked subject matter jurisdiction[1];

2) improperly sentenced him in violation of Apprendi and its progeny because the indictment

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] At the outset, we note that where no question of jurisdiction or claim that a sentence
exceeds that authorized by law is involved, an appeal will not lie from a conviction in a court of
record where the defendant enters a voluntary and intelligent plea of guilty.  Peyton v. King, 210
Va. 194, 195-96, 169 S.E.2d 569, 570 (1969).

                [A] voluntary and intelligent plea of guilty by an accused is, in
                reality, a self-supplied conviction authorizing punishment fixed by
                law.  It is a waiver of all defenses *other than those jurisdictional*.
                . . . Where a conviction is rendered upon such a plea and the
                punishment fixed by law is in fact imposed in a proceeding free of
                jurisdictional defect, there is nothing to appeal.

Id. at 196-97, 169 S.E.2d at 571 (emphasis added).

should have alleged his prior juvenile robbery adjudication; and 3) committed Apprendi error by improperly enhancing his sentence based on information that was not pleaded and proven beyond a reasonable doubt. We disagree and affirm the trial court.

BACKGROUND

A grand jury indicted Barnes on two counts of robbery and two counts of using a firearm while committing a robbery. Barnes appeared before the trial court and advised that he was pleading guilty pursuant to a written agreement.

Barnes pled guilty to the two robberies and one of the two firearm charges pursuant to the agreement that he and his attorney signed, which indicated: "The Defendant is to be sentenced by the Court upon return of a pre-sentence report, however the imposed period of active incarceration is not to exceed the recommended midpoint of the sentencing guidelines." Barnes and his attorney also signed a form entitled "Advice to Defendants Pleading Guilty" (advice form). In this form, Barnes indicated he was pleading guilty because he was in fact guilty, he had sufficient time to discuss the case with his attorney, he understood the maximum punishment for the crimes was two life terms plus three years' imprisonment, and he was aware that he was waiving certain constitutional rights, including his right to appeal.

Barnes and his attorney confirmed they reviewed the plea agreement and the advice form "line-by-line" before signing them, and Barnes stated the agreement accurately reflected the deal he made with the Commonwealth. The trial court found that Barnes's pleas were made knowingly, freely, and intelligently. After accepting the pleas and the agreement and finding him guilty, the trial court *nolle-prossed* the remaining use of a firearm charge pursuant to the prosecution's request.

Barnes then appeared for sentencing. The sentencing guidelines classified him as a "Category 1" offender based on his "prior record," which included his juvenile court robbery

adjudication.[2]  As a result of this classification, he received a score of 270 points for the two counts of robbery instead of 90 points.  The pre-sentence report listed a sentencing guidelines midpoint range of twenty-six years of incarceration, with a low end of the sentencing range of nineteen years, six months and a high end of thirty years, two months.  Barnes argued that the 180 points "enhancement" due to the juvenile court robbery conviction was not justified because it was "based on a conviction that has not been proven to this court beyond a reasonable doubt."  Barnes argued pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), the juvenile conviction had to be proven beyond a reasonable doubt.

Pursuant to the terms of the plea agreement, the trial court sentenced Barnes to twenty-three years in the Virginia State Penitentiary on the first count of robbery with the sentence to run consecutive with a three-year sentence imposed on the first count of use of a firearm in the commission of a felony.  The court sentenced Barnes to twenty years on the second count of robbery, all of which was suspended for a period of ten years of unsupervised probation for good behavior and an indeterminate length of time of supervised probation.  Thus, Barnes was sentenced to a total of twenty-six years of active incarceration.

ANALYSIS

In determining whether the trial court made an error of law, we review the trial court's legal conclusions *de novo*.  Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001) (citing Timbers v. Commonwealth, 28 Va. App. 187, 193, 503 S.E.2d 233, 236 (1998)).

In his argument that the trial court lacked subject matter jurisdiction, Barnes states "a defendant establishes a plain error which affects his substantial rights when he has established

---

[2] Barnes was previously adjudicated as a juvenile delinquent for robbery, unlawful wounding, and a probation violation.

- 3 -

that he was sentenced beyond the statutory maximum for the crime for which he was indicted." He argues that "such an error is jurisdictional."[3]  Barnes further argues that pursuant to Apprendi and Blakely, the trial court erred in sentencing him because the prior juvenile adjudication for robbery was not based on the standard of beyond a reasonable doubt.  However, Barnes acknowledged in the advice form and concedes on appeal that he was not sentenced beyond the statutory maximum of two life terms plus three years' imprisonment[4] for the crimes for which he was indicted, a fact relevant to our resolution of both issues presented above.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490 (emphasis added). In Blakely, the Supreme Court further clarified that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  542 U.S. at 303 (emphasis omitted).

In attempting to apply these cases to support his argument, Barnes's reliance is misplaced.  Barnes focuses on the fact that the sentencing guidelines were computed using his

---

[3] The legislature has granted subject matter jurisdiction to the circuit courts for all felonies and for "all presentments, indictments and informations."  Code § 19.2-239 ("The circuit courts . . . shall have exclusive original jurisdiction for the trial of all presentments, indictments and informations for offenses committed within their respective circuits."); Code § 17.1-513 (The circuit courts "shall also have original jurisdiction of all indictments for felonies and of presentments, informations and indictments for misdemeanors.").  "The trial court acquired jurisdiction when the indictments were returned and it proceeded according to the plea agreement."  Holden v. Commonwealth, 26 Va. App. 403, 408, 494 S.E.2d 892, 895 (1998).

Furthermore, the harmless error standard of review applies to a Blakely violation for failure to submit to the jury a fact that serves as a basis for a sentencing enhancement. Washington v. Recuenco, 126 S. Ct. 2546, 2553 (2006) ("Failure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error.").  As such, a Blakely error would not constitute a jurisdictional error as it fails to even qualify as a structural error.

[4] The three-year term is a mandatory minimum term of imprisonment pursuant to Code § 18.2-53.1.

prior juvenile robbery adjudication, which increased his sentence beyond the "high end" of the sentencing guidelines range. Barnes confuses the "high end" of the sentencing guidelines range with the prescribed statutory maximum sentence a judge may impose. Under these facts, as the advice form which Barnes signed states, the maximum possible statutory sentence Barnes could have received was two life terms plus three years' imprisonment. However, Barnes was only sentenced to twenty-six years of active incarceration. Because Barnes was sentenced below the *prescribed statutory maximum* that could have been imposed, Apprendi has not been implicated. Apprendi, 530 U.S. at 481 ("[N]othing . . . suggests that it is impermissible for judges to exercise discretion . . . in imposing a judgment *within the range* prescribed by statute." (emphasis in original)); see also United States v. Booker, 543 U.S. 220, 223 (2005) (noting that advisory sentencing guidelines do not implicate the Sixth Amendment and stating that the Court had "never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range"); United States v. Conley, 19 Fed. Appx. 3, 4 (1st Cir. 2001) ("The triggering event needed to animate Apprendi is the imposition of a sentence in excess of the default statutory maximum. . . . The fact that the prior convictions served to increase the appellant's criminal history score (and, thus the guideline sentencing range) is of no moment. The Apprendi principle does not apply to guideline computations simpliciter, even when those computations result in a higher sentence – so long as the sentence actually imposed does not outstrip the default statutory maximum."); United States v. Williams, 235 F.3d 858, 863 (3rd Cir. 2000) ("[A] District Court's sentence that is under the statutory maximum cannot be constitutionally objectionable under Apprendi."); United States v. Hernandez-Guardado, 228 F.3d 1017, 1027 (9th Cir. 2000) (because the sentence actually imposed did not exceed the otherwise applicable statutory maximum, the "case does not implicate the rule in Apprendi") .

Here, Barnes voluntarily and knowingly pled guilty and entered into an agreement with the Commonwealth. See Rule 3A:8(c)(1)(C) ("[Upon entry by the defendant of a plea of guilty, . . . the attorney for the Commonwealth will . . . [a]gree that a specific sentence is the appropriate disposition of the case."). The parties agreed that "the imposed period of active incarceration is not to exceed the recommended midpoint of the sentencing guidelines." The pre-sentence report listed a sentencing guidelines midpoint range of twenty-six years of incarceration, and Barnes was sentenced to twenty-six years of active incarceration. Therefore, the trial court imposed the sentence negotiated and agreed upon by the parties.

When imposing Barnes's sentence, the court did not increase Barnes's penalty beyond that to which he agreed, see Wright v. Commonwealth, __ Va. App. __, __, __ S.E.2d __, __ (Nov. 7, 2006), and which the pre-sentence report reflected, nor did it impose a sentence "beyond the prescribed statutory maximum." See Blakely, 542 U.S. at 303; Apprendi, 530 U.S. at 490. The sentences imposed were within the statutory ranges set by the legislature. See Code §§ 18.2-58 and 18.2-53.1. The trial court did not, therefore, improperly enhance Barnes's sentence,[5] cf. Duong v. Commonwealth, 34 Va. App. 424, 429, 524 S.E.2d 47, 49 (2001) (reversing and remanding where trial court imposed sentence beyond that agreed upon, holding that, "[h]aving accepted the plea agreement, the trial court was bound" to impose sentence agreed upon by the parties), nor did it violate the rule of law expressed in Apprendi or Blakely.

Although Barnes contends the trial court improperly sentenced him because the indictment failed to plead the prior robbery, he never made such an argument to the trial court.

---

[5] Cf. Code §§ 18.2-46.3:3 (enhanced penalty for gang activity taking place in a school zone); 18.2-53.1 (enhanced penalty for second or subsequent offense for using a firearm in the commission of an enumerated felony); 18.2-57 (enhanced penalty for racially motivated assault and battery); 18.2-248, -250, -250.1, -251.2, -251.3 (providing enhanced penalties for various drug related offenses); 18.2-270 (enhanced penalty for driving while intoxicated); 18.2-376.1 (enhanced penalty for using a computer in violation of Code §§ 18.2-374, -375, -376).

See Rule 5A:18. To the extent Barnes argues that the failure to plead the prior robbery adjudication in the indictment affected the trial court's subject matter jurisdiction, we disagree. Even assuming there was a defect in the indictment, such defects "do not deprive a court of its power to adjudicate a case."[6] United States v. Cotton, 535 U.S. 625, 630 (2002). Barnes's argument that the trial court erred by considering the pre-sentence report without "admitting it into evidence" is procedurally barred because he never raised the objection at trial. Id. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Accordingly, Rule 5A:18 bars our consideration of these questions on appeal. The record does not reflect that Barnes argued that we should invoke the ends of justice exception. "We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18." Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

For these reasons, we affirm the judgment of the trial court.

Affirmed.

---

[6] "One consequence of the non-waivable nature of the requirement of subject matter jurisdiction is that attempts are sometimes made to mischaracterize other serious procedural errors as defects in subject matter jurisdiction to gain an opportunity for review of matters not otherwise preserved." Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990); see also Holden, 26 Va. App. at 407, 494 S.E.2d at 894.