# CIRCUIT COURT OF THE CITY OF RICHMOND

Hunter Lee,
by and through his Mother
and Next Friend,
Stacia Lee
and Stacia Lee,
individually

    v.

Quorum Health Resources et al.

December 9, 1997

Case No. ML-5565

BY JUDGE JAMES B. WILKINSON

### *Facts*

The plaintiffs, Stacia Lee and Hunter Lee, have filed a medical malpractice action alleging negligent care and treatment during Ms. Lee's hospitalization at Southside Regional Medical Care (Southside) for the labor and delivery of her son, Hunter Lee, on August 26-27, 1996. After birth, Hunter Lee was diagnosed with cerebral palsy. Ms. Lee was admitted to Southside on August 26, 1996, by Dr. Krishna Rao for induction of labor. The nurse defendants, Valerie A. DeJesus, P. Pippin, and Tammy Coldiron, are employees of the Hospital Authority for the City of Petersburg (Hospital Authority). Defendants Pippin and DeJesus were the labor and delivery nurses assigned to care for Ms. Lee during the 7:00 a.m. to 3:00 p.m. shift on August 27, 1996. Defendant Coldiron was on duty in labor and delivery during the same shift. Defendants Pippin and DeJesus were responsible for monitoring Ms. Lee's condition and progress, ordering Pitocin according to protocol, administering oxygen, and notifying Dr. Rao under certain circumstances about Ms. Lee's condition.

The plaintiffs allege that the defendant nurses negligently diagnosed, treated, and cared for them by failing to recognize fetal heart decelerations, by failing to provide appropriate care once the decelerations were recognized, by providing certain medications including anesthetic drugs to the plaintiff, and by failing to perform a caesarian section on Ms. Lee in a prompt fashion. (Pl.'s Mot. for Summ. J. ¶ 5.) The plaintiffs allege that the defendants' actions caused injury to Ms. Lee during the birth of Hunter Lee and caused Hunter Lee to be born with cerebral palsy due to asphyxiation at birth.

On September 24, 1997, the Court ordered that the Hospital Authority was entitled to sovereign immunity. On October 21, 1997, the defendant nurses, DeJesus, Pippin and Coldiron, filed a plea of sovereign immunity as to the claims of simple negligence.

### Issue

Whether the defendant nurses, Valerie A. DeJesus, P. Pippin, and Tammy Coldiron, are entitled to the privilege of sovereign immunity for the claims of simple negligence alleged by the plaintiffs.

### Discussion

When determining whether state health care professionals are entitled to sovereign immunity from tort actions, the following four-prong test must be analyzed by the Court:

1. the nature of the function performed by the employee;

2. the extent of the state's interest and involvement in the function;

3. the degree of control and direction exercised by the state over the employee; and

4. whether the act complained of involved the use of judgement and discretion.

*Messina v. Burden,* 228 Va. 301, 313, 321 S.E.2d 657 (1984); *James v. Jane,* 221 Va. 43, 53, 267 S.E.2d 108 (1980).

Where the employee function is essential to a governmental objective and the government has a great interest and involvement in the performance of that function, sovereign immunity is favored. *Lohr v. Larsen,* 246 Va. 81, 85, 431 S.E.2d 642, 644 (1993). However, where the employee

performs a function that has only a marginal influence upon a governmental objection and the government's interest and involvement are "slight," sovereign immunity is disfavored. *Id.*

The City Council for the City of Petersburg created the Hospital Authority to protect the public health and welfare by providing a facility to render medical and hospital care. The nurses, as employees of the Hospital Authority, provide nursing care which is necessary to fulfill the Hospital Authority's purpose. The Court holds that the nursing care function provided by the defendant nurses is essential to the governmental objective of providing necessary medical care to the region's population.

The government has great interest and involvement in the defendant nurses' performance of the employee function. The health care provided by the nursing staff is an important aspect in providing medical care to the region's population. The government has a sincere interest in the quality of patient care provided by the nurses employed by the Hospital Authority. The Court holds that the government's interest and involvement in the performance of the defendant nurses' function of providing nursing care is great.

Where control is exercised over the employee, the employee is entitled to the immunity accorded the sovereign. *Gargiulo v. Ohar*, 239 Va. 209, 214, 387 S.E.2d 787 (1990). Factors to be considered by the Court include whether the employee has control over selecting patients, assessing or collecting a patient's bill, and the means and methods used in performing employee functions. *Id.* at 214-15. The defendant nurses, as employees of the Hospital Authority, do not receive any direct compensation from the patients and do not control the patient's billing. The defendant nurses, as employees of the Hospital Authority, do not choose which patients they will provide nursing care for; rather, they receive instructions from supervisors as to patient assignments. The defendant nurses are controlled by rules and procedures which provide for the means and methods of performing their nursing functions. The Court holds that the defendant nurses are subject to governmental control and direction in the performance of their nursing functions.

The Court is to consider the level of discretion and judgment used by the employee when performing the employee's function and whether discretion was exercised in the performance of the duties "when the allegedly negligent act occurred." *Lohr v. Larsen*, 246 Va. 81, 87, 431 S.E.2d 642 (1993). In the case at bar, the allegedly negligent acts are the monitoring of Ms. Lee's condition, identifying critical facts and conditions, and notifying Dr. Rao of any dangerous conditions. The plaintiff argues that the hospital

protocols dictate the defendant nurses' actions, leaving no use of discretion and judgment. The defendants argue the protocols are established guidelines, not mandated actions, and the use of discretion is built into each policy.

The protocol for the Pitocin Infusion contains several minimum to maximum levels to be considered by the caring nurse in performance of duties. Other subjective observations are to be made by the caring nurse such as shortness of breath and swelling of face/fingers. The Pitocin Infusion Protocol states on the last page "This protocol is not intended to dictate an exclusive course of management. Variations may be necessary to individualize patient care." Although the protocols establish control over the defendant nurses, the protocols do not reduce the performance of nursing duties to a ministerial level. The Court holds that the defendant nurses use discretion and judgment in performance of their duties under the guidance of the established hospital protocols.

## Conclusion

Having determined that the four prongs of the *James* test are satisfied in favor of sovereign immunity, the Court holds that the defendant nurses, Valerie A. DeJesus, P. Pippin, and Tammy Coldiron, are entitled to the protection of sovereign immunity as to the claims of simple negligence in this case.