# CIRCUIT COURT OF THE CITY OF RICHMOND

Roseann Marsh

v.

Medical College of Virginia
Hospitals Auxiliary
of Virginia Commonwealth Health System,
a/k/a Virginia Commonwealth
University Health System,
t/a Medical College of Virginia Hospitals,
MCV Hospitals, et al.

September 11, 2006

Case No. (Law) LT-2495-3

BY JUDGE T. J. MARKOW

Argument was heard on August 10, 2006, regarding Pleas of Sovereign Immunity of the following defendants: Medical College of Virginia Auxiliary of Virginia Commonwealth University Health System, Virginia University Health System, the Medical College of Virginia Hospitals, MCV Hospitals (collectively "the Hospitals"), as well as individual defendants Adena Mahini, R.N., Kimberly Samora, and Mark Hunter and a Motion to Quash and Plea in Bar filed by Defendant Diane Hinsley, R.N. The court sustained the Plea of Sovereign Immunity with regard to the Hospitals and has already entered a separate order sustaining the Hospitals' plea of immunity. Evidence and argument was heard on the pleas of sovereign immunity with regard to the Defendants Mahini, Samora, and Hunter, as well as the remaining matter of Hinsley's Plea in Bar. These matters were taken under advisement. As

Defendant Hinsley has appeared specially, she has not filed an answer, nor any defensive pleadings.

On December 5, 2003, Roseann Marsh was admitted to MCV Hospital to have an abdominal aortic aneurysm repaired. Marsh was under the care of Dr. Mark Levy and MCV Physicians for the purposes of this procedure. Despite complaining of abdominal pain, Marsh was discharged on December 12, 2003. As a result of symptoms exhibited during her follow-up appointment with Dr. Levy, Marsh was readmitted for an exploratory laparotomy on December 31, 2003.

During the exploratory laparotomy, Dr. Levy discovered and extracted a laparotomy sponge that had been left in Marsh's abdomen during the previous surgery.

In order to ensure that sponges, surgical instruments, needles, and towels are not left inside the patient, these tools are counted by the nurses and operating room technicians. The circulating nurses were Diane Hinsley, R.N., and Adena Mahini, R.N., and the operating room technicians were Kimberly Samora and Mark Hunter.

## I. *Pleas of Sovereign Immunity of Defendants Mahini, Samora, and Hunter*

These pleas of sovereign immunity must be analyzed using the four factors adopted in *James v. Jane*, 221 Va. 43, 282 S.E.2d 864 (1980). "The four factors are: the nature of the function performed by the employee, the extent of the state's interest and involvement in that function, the degree of control exercised by the state over the employee, and whether the alleged negligent act involved the use of judgment and discretion." *Lee v. Bourgeois*, 252 Va. 328, 331, 477 S.E.2d 495, 497 (1996) (summarizing the *James v. Jane* factors); *see James*, 221 Va. at 53-54, 282 S.E.2d at 869.

The Supreme Court directly addressed the first and second of these factors in *Lee v. Bourgeois*.

[T]he Commonwealth's paramount interest was that the University . . . operate a good medical school staffed with competent professors. The Commonwealth's interest in quality patient care was the same whether that patient was being treated in a public teaching hospital or in a private medical institution. Since the actions complained of related to the provision of patient care, not the educational function of the faculty members, the state's interest was slight.

*Id.*, at 332, 477 S.E.2d 497. The conduct that the defendant complains of is the miscounting of the laparotomy sponges which resulted in the surgeon leaving a sponge in Marsh's abdomen. As in *Lee v. Bourgeois*, this is a function of patient care, rather than education. The Virginia Supreme Court has drawn a distinction between the patient care function of health care professionals and the educational function of these same professionals. *Lee v. Bourgeois*, 252 Va. at 332, 477 S.E.2d 497.

The nature of the function the individual defendants were performing, counting sponges during surgery, was patient care because the patient would be attended to in the same manner whether she was a patient in a "public teaching hospital" or in a "private medical institution" with regards to this specific task. *Id.* Since the nature of the function is patient care, the Commonwealth's interest, insofar as triggering sovereign immunity, is "slight." *Id.* Therefore these first two factors of *James v. Jane* are not met.

The third factor of the sovereign immunity test, the degree of control exercised by the state over the employee, is found in this case. The nurses and scrub technicians receive a salary from the hospital, work set shifts, perform to specific guidelines, and do not choose their patients. The Court has held that these facts, among others, illustrate that the state demonstrates sufficient control over these employees to fulfill the third factor of the sovereign immunity test. *See Gargiulo v. Ohar*, 239 Va. 209, 215, 387 S.E.2d 787, 790 (1990); *Lee v. Quorum Health Resources*, 44 Va. Cir. 179, 181 (1997).

Finally, the fourth factor of this test scrutinizes the level of judgment and discretion used by the defendant(s) while performing the alleged negligent conduct. Examples of cases in which the courts have found there to be sufficient judgment and discretion present include instances where the medical professionals determined the dosage of medication to be administered or monitored the patients progress in order to identify critical conditions. *Gargiulo*, 239 Va. at 214, 387 S.E.2d at 790; *Lee v. Quorum Health Resources*, 44 Va. Cir. at 181. When comparing these duties to the act of counting sponges and surgical instruments, even in a busy surgical environment, counting is not considered to be a discretionary task. The counting process is dictated by hospital protocols, which prescribe by whom and how the counting is done. There is little room for judgment or discretion.

## II. *Defendant Hinsley's Plea in Bar and Motion to Quash Service*

Defendant Hinsley asserts that she was never served with the original Motion for Judgment in the instant case and did not have notice until April 11, 2006. For this reason she asks that this Plea in Bar be sustained and the suit be dismissed against her.

The statute of limitations for this action ran in December of 2005. The original complaint was filed on November 3, 2005. Hinsley's name was improperly spelled as Diane "Hinskey," R.N., in the original Motion for Judgment in the style of the case, although it was properly spelled as "Hinsley" in the body of the motion. The misspelling was corrected on February 6, 2006, when the Amended Motion for Judgment was filed.

This court has "authority to dismiss an action because of delay of service of process *only* if process is served more than one year after the motion for judgment is filed in the clerk's office." *Nelson v. Vaughan*, 210 Va. 1, 2, 168 S.E.2d 126, 127 (1969) (emphasis added); *see also* Rules of Virginia Supreme Court 3:3 (2005). As it has not yet been a year from the filing of the Motion for Judgment, the court cannot dismiss this claim against Hinsley based upon Rule 3:3.

Additionally, the court does not have before it sufficient evidence to show that there was any defect in the service of process upon Hinsley. It is the burden of the moving party to show that there was a defect under Virginia Code § 8.01-277. As such, the court cannot sustain the Motion to Quash based upon Virginia Code § 8.01-277.

With regards to Hinsley's Plea in Bar on the grounds that this matter is barred by the statute of limitations, Rule 3:5 and Code § 8.01-277, which were raised by Defendant Hinsley, are inapplicable. The Amended Motion for Judgment did not change or add a party, it simply fixed a misnomer. Under *Jacobson v. Southern Biscuit Co.*, "[i]f the right party is before the court although under the wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations, provided there is no change in the cause of action originally stated." 198 Va. 813, 817, 97 S.E.2d 1, 4 (1957). The only alteration accomplished by the Amended Motion for Judgment is the changing of the spelling of "Hinskey" to "Hinsley."

The case at bar falls squarely under *Southern Biscuit* and, accordingly, this court denies Defendant Hinsley's Plea in Bar. For the above stated reason, the court also denies Defendant Hinsley's Motion to Quash Service of Process.

Finally, the court finds that defendants Mahini, Samora, and Hunter, cannot meet three of the four factors of the sovereign immunity test and are not immune from the allegations of the Motion for Judgment. It is therefore ordered that the Pleas of Sovereign Immunity of Mahini, Samora, and Hunter are denied.