## Richmond

Louvenia L. Nelson v. Robert R. Vaughan.

June 16, 1969.

Record No. 6856.

Present, All the Justices.

*W. V. Rennie* for plaintiff in error, submitted on brief.

*Arch Wallace, III* (*Sands, Anderson, Marks & Clarke*, on brief), for defendant in error.

Per Curiam.

The plaintiff's motion for judgment was filed in the clerk's office on November 9, 1965, but process (notice of motion for judgment)

was not served on the defendant until September 15, 1966. After hearing evidence, the court dismissed the action on the ground that "the long delay (from November 9, 1965, until September 15, 1966) in service of process on the said defendant was caused by deliberate action and lack of due diligence on the part of the plaintiff".

Rule 3:3 gives a court authority to dismiss an action because of delay in the service of process only if process is served more than one year after the motion for judgment is filed in the clerk's office.* Process having been served in this case within a year after the filing of the motion for judgment, we reverse the judgment dismissing the action and remand the case for further proceedings.

The defendant filed a plea of accord and satisfaction in this Court. Following remand of this case, that plea may be filed and that issue litigated in the trial court.

*Reversed and remanded.*

---

* Rule 3:3 (a) provides:

"An action shall be commenced by filing in the clerk's office a motion for judgment. The action is then instituted and pending as to all parties defendant thereto. * * * "

Rule 3:3 (c) provides:
" * * *

"No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him."