Present:  All the Justices

EDWARD H. EVANS, ET AL.
                         OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.    Record No. 970016        January 9, 1998

SMYTH-WYTHE AIRPORT COMMISSION

                 FROM THE CIRCUIT COURT OF SMYTH COUNTY
                     Charles H. Smith, Jr., Judge


     The narrow issue that we decide in this appeal is whether a

judgment, which restricts an airport commission's power of

eminent domain, is void.

     Pursuant to Code §§ 5.1-31, et seq., the Counties of Smyth

and Wythe and the Towns of Marion, Rural Retreat, and Wytheville

created the Smyth-Wythe Airport Commission, which operates the

Mountain Empire Airport in Smyth County.

     In 1981, the Commission initiated condemnation proceedings

in the court below against a parcel of property owned by Edward

H. and Elizabeth B. Evans.  The property is located adjacent to

the airport.  The Evanses had also filed an action against the

Airport Commission which was consolidated by order with the

condemnation proceeding.  The record in this case does not reveal

the nature of the claims that the Evanses asserted in that

proceeding.

     Subsequently, the Commission and the Evanses reached a

settlement, and the court entered a judgment in 1984, which

stated in part:

          "1.  The Smythe Wythe [sic] Joint Airport
          Commission has agreed, . . . that no clear zone
          easement will be required over the property of Edward
          H. Evans and Elizabeth B. Evans, so long as it is owned
          by them . . . .  In this regard the eastern end of said
          runway will not be moved or extended in an easterly
          direction from its present eastern terminus so long as

the Evanses or their children own the property.

. . .

        7.  That both parties shall jointly move the Court to dismiss the pending actions herein, including the action of Edward H. Evans and Elizabeth B. Evans, his wife, against the Smyth Wythe Joint Airport Commission and the action of the Smyth Wythe Joint Airport Commission against Edward H. Evans and Elizabeth B. Evans, his wife, with prejudice to all claims and rights that they may have as outlined therein.
        8.  That the entry of this Order shall be res judicata, as provided by law, as to any further right of the Smyth Wythe Joint Airport Commission to condemn any portion of the Edward H. or Elizabeth B. Evans property located to the east of State Route 681, and to the south of Interstate Highway 81, so long as the same is owned by the Evanses or their children."

In 1996, the Airport Commission instituted this proceeding by filing a motion for declaratory judgment seeking a declaration that the 1984 judgment "which purports to limit the Commission's future right to initiate condemnation proceedings against the [Evanses'] Property is null and void ab initio because the Commission had no authority to voluntarily surrender or relinquish the power of eminent domain granted to it by the General Assembly."  The Evanses filed a grounds of defense and a counterclaim.[1]

After consideration of memoranda submitted by counsel, the 1984 judgment, and oral argument, the trial court entered a declaration that the 1984 judgment "is null and void ab initio to the extent it purports to limit the [Airport Commission's] right to initiate condemnation proceedings or exercise the power of eminent domain over property owned by the [Evanses]."  The

---

[1] The Evanses subsequently nonsuited their counterclaim.

Evanses appeal.

The Evanses contend that the trial court had inherent power to enter the 1984 judgment which prohibits the Airport Commission from exercising the power of condemnation with regard to their property. We disagree.

Code §§ 5.1-35 and -36 authorize cities, counties and towns to create commissions to operate airports. The General Assembly, in Code § 5.1-34, has delegated to a city, town, or county the "full power to exercise the right of eminent domain in the acquisition of any lands, easements and privileges which are necessary for airport and landing field purposes." Code § 5.1-36 enables a city, town, or county to enter into an agreement creating an airport commission which may exercise the power of eminent domain on behalf of the city, town, or county.

We have consistently held that the "power of eminent domain is an essential attribute of sovereignty which, in our system, inheres in the General Assembly." Hamer v. School Bd. of the City of Chesapeake, 240 Va. 66, 70, 393 S.E.2d 623, 626 (1990); accord Talbot v. Mass. Life Ins. Co., 177 Va. 443, 448-49, 14 S.E.2d 335, 336 (1941); Commonwealth v. Newport News, 158 Va. 521, 545-46, 164 S.E. 689, 696 (1932); Wilburn v. Raines, 111 Va. 334, 338, 68 S.E. 993, 995 (1910); Painter v. St. Clair, 98 Va. 85, 87, 34 S.E. 989, 990 (1900). Additionally, in Commonwealth v. Newport News, we stated the following principle which is equally pertinent here:

> "In so far as the sovereignty and governmental powers of the State are concerned the object of the ordination of the Constitution is to provide for the exercise thereof and not the abdication thereof. It

would, therefore, be a perversion of the Constitution to construe it as authorizing or permitting the legislature or any other governmental agency to relinquish, alienate or destroy, or substantially impair the sovereignty, or the sovereign rights, or governmental powers of the State. . . .  [T]he power or right of eminent domain [is an attribute] or inherent and inseparable [incident] of sovereignty and the power to govern."  158 Va. at 545-46, 164 S.E. at 696.

Applying these principles, we hold that the Airport Commission could not relinquish its power or right of eminent domain because such power or right is an inherent and inseparable incident of the sovereignty of this Commonwealth.  And, contrary to the assertions of the Evanses, Code § 25-46.34(e), which authorizes a court to dismiss a condemnation proceeding, does not, and could not, divest the Airport Commission, acting through its delegation of power from the General Assembly, of the power or right of eminent domain.[2]

The Evanses argue that even if the Airport Commission could not relinquish its power of eminent domain, then the "1984 Order is at most voidable, not void ab initio, because it was not procured by fraud and the court had jurisdiction over the subject matter and the parties."  We disagree.

A judgment is void if it has been procured by extrinsic or collateral fraud, Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987); Jones v. Willard, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983), or has been entered by a court that did not have

_____

[2] Code § 25-46.34(e) states:

"Except as otherwise provided in a stipulation of dismissal or order of the court, any dismissal is without prejudice."

jurisdiction over the subject matter or the parties, <u>Va. Dept. Corr.</u> v. <u>Crowley</u>, 227 Va. 254, 260-61, 316 S.E.2d 439, 442-43 (1984); <u>Slaughter</u> v. <u>Commonwealth</u>, 222 Va. 787, 791, 284 S.E.2d 824, 826 (1981). We have held that

> "it is essential to the validity of a judgment or decree, that the court rendering it shall have jurisdiction of both the subject matter and parties. But this is not all, for both of these essentials may exist and still the judgment or decree may be void, because the character of the judgment was not such as the court had the power to render, or because the mode of procedure employed by the court was such as it might not lawfully adopt." <u>Anthony</u> v. <u>Kasey</u>, 83 Va. 338, 340, 5 S.E. 176, 177 (1887).

<u>Watkins</u> v. <u>Watkins</u>, 220 Va. 1051, 1054, 265 S.E.2d 750, 752-53 (1980); <u>Barnes</u> v. <u>American Fertilizer Co.</u>, 144 Va. 692, 706, 130 S.E. 902, 906 (1925).

Applying these principles, we hold that the 1984 judgment was void <u>ab</u> <u>initio</u> because the circuit court did not have the power to render a judgment which permitted a governmental entity to relinquish the power or right of eminent domain. Because the 1984 judgment is void, it confers no rights or obligations upon the Airport Commission or the Evanses.

Accordingly, the judgment of the trial court will be affirmed.[3]

<u>Affirmed</u>.

---

[3] We find no merit in the Evanses' assertion that our decisions in <u>Parrish</u> v. <u>Jessee</u>, 250 Va. 514, 464 S.E.2d 141 (1995), and <u>Rook</u> v. <u>Rook</u>, <u>supra</u>, support their contention that the 1984 judgment is not void. In <u>Parrish</u> and <u>Rook</u>, we did not discuss whether a court was empowered to enter a judgment which divests the sovereign of its power of eminent domain.