Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Lacy, S.J.[1]

LARRY R. COLLINS

OPINION BY
v. Record No. 061728        JUSTICE LAWRENCE L. KOONTZ, JR.
                                 September 14, 2007
FAYE M. SHEPHERD

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John C. Morrison, Jr., Judge

This appeal principally concerns an order entered sua sponte by the circuit court dismissing with prejudice a civil action for personal injuries pursuant to a local rule adopted by that court that provides for the dismissal of cases not served on the defendant within one year of filing. We consider two issues: (1) whether the local rule is valid and, therefore, the circuit court was within its authority to dismiss the case pursuant to that rule, and (2) what is the effect, if any, of the failure to challenge that dismissal order until after the expiration of the twenty-one day limitation period in Rule 1:1.

BACKGROUND

The parties do not dispute that the local rule at issue is Local Rule 2(F)(3) which is contained in the Civil Case

---

[1] Justice Lacy participated in the hearing and decision of this case prior to the effective date of her retirement on

Management Administrative Plan originally adopted by the Circuit Court of the City of Norfolk on October 8, 1998. The plan has as its purpose the laudable goal of "concluding all civil cases, except by leave of court and in suits for divorce, within twelve months of filing." In an apparent effort to achieve that goal, Local Rule 2(F)(3) provides that "[i]f any civil action is not served within the time provided by Supreme Court Rule [3:5(e)], the Clerk shall prepare a notice of dismissal and send such notice to counsel for the plaintiff."[2]

The application of Local Rule 2(F)(3) became implicated in the following procedural context. On September 7, 2004, Larry R. Collins filed a motion for judgment in the Circuit Court of the City of Norfolk against Faye M. Shepherd for personal injuries allegedly resulting from the negligent operation of her motor vehicle. Collins did not serve Shepherd with process. On September 15, 2005, the circuit

_____

August 16, 2007.
[2] During the proceedings in the circuit court, the local rule referenced former Rule 3:3(c). Effective January 1, 2006, our Rules of Court were reorganized and Rule 3:3(c) became Rule 3:5(e). The provisions of former Rule 3:3(c) are nearly identical to the provisions of Rule 3:5(e) and the circuit court's Local Rule 2(F)(3) has been revised to reference Rule 3:5(e). Accordingly, we will refer to the current rule in this opinion.

court, in accord with its local rule, mailed to Collins' attorney a "Notice of Dismissal" stating that the circuit court "on Friday, October 7, 2005 at 9:00 a.m. . . . pursuant to Supreme Court Rule [3:5(e)] and Nelson v. Vaughan, 210 Va. 1 [, 168 S.E.2d 126] (1969), will dismiss this case because [Shepherd] has not been served with process within one year after the filing of the . . . Motion for Judgment . . . unless the [c]ourt finds that [Collins] has exercised due diligence to have timely service on [Shepherd]."

Collins did not appear on or before the October 7, 2005 date designated in the notice of dismissal. On October 20, 2005, the circuit court entered an order dismissing Collins' action against Shepherd with prejudice. The dismissal order provided that Collins, "having failed to show that due diligence was exercised to have timely service upon [Shepherd], . . . this case [is] dismissed with prejudice in accordance with Supreme Court Rule [3:5(e)] and Nelson v. Vaughan, 210 Va. 1 [, 168 S.E.2d 126] (1969)." The dismissal order also provided that endorsement by counsel was waived pursuant to Rule 1:13.

3

Collins subsequently filed a motion on March 9, 2006 requesting that the circuit court vacate the dismissal order and restore his case to the court's docket. Collins did not give Shepherd notice regarding this motion. By an order dated March 16, 2006, the circuit court vacated its prior dismissal order and reinstated Collins' case on the court's docket.[3] On the same day, the circuit court by separate order granted Collins' motion to nonsuit the case.

The record does not demonstrate how Shepherd became aware of the March 16, 2006 order.[4] However, Shepherd filed a motion on March 27, 2006 requesting that the circuit court reconsider its decision to enter the March 16, 2006 dismissal order.

---

[3] The March 16, 2006 order provided that the circuit court was reinstating the case "in the interest of justice, in that it appears that a clerical error and/or a fraud on the court occurred." This ruling was apparently in response to assertions made by Collins' counsel that a disloyal employee of his office had deliberately withheld or destroyed the notice of dismissal and the dismissal order that were mailed by the circuit court. Collins' counsel relied, in part, upon the provisions set forth in Code § 8.01-428. However, it is clear that Collins' argument under Code § 8.01-428 did not form the basis of the circuit court's ultimate ruling in this case that gave rise to this appeal. Therefore, we will not address the applicability, if any, of Code § 8.01-428 in this case.

[4] On brief, Shepherd states that Collins filed a "second but identical complaint" and "immediately served the new complaint upon [Shepherd]" following the entry of the March 16, 2006 order granting Collins a nonsuit of the original

Shepherd asserted that Collins' motion to vacate the October 20, 2005 dismissal order was barred under Rule 1:1 for failure to challenge that order within twenty-one days of its entry and, therefore, that the circuit court was without authority to enter the March 16, 2006 order. Accordingly, Shepherd requested that the circuit court vacate the March 16, 2006 order.

The circuit court held a hearing on April 3, 2006 on Shepherd's motion for reconsideration. At the hearing, Collins contended that, under the procedural posture of the case at the time, the circuit court did not have the authority to enter the October 20, 2005 dismissal order and, therefore, the order was void ab initio. The circuit court took the matter under advisement.

In a letter brief to the circuit court, Shepherd contended that even if entry of the October 20, 2005 dismissal order was error, such error rendered that order voidable rather than void ab initio. Accordingly, Shepherd maintained that the dismissal order was subject to Rule 1:1 and Collins was barred from challenging the order more than 21 days after its entry. Furthermore, Shepherd contended that the circuit

action. For purposes of our resolution of this appeal, we

court should have the authority to dismiss cases that have not been served within a year of filing so that dockets will not "become unduly burdened with pending cases which have not been served but which the [c]ourt may not manage in any manner."

Responding by letter brief, Collins contended that the sua sponte dismissal order was void ab initio because "the character of the order is such that the court had no power to render it" and "the mode of procedure used by the court was one that the court could not lawfully adopt." Therefore, Collins asserted that his challenge to the order was not subject to the 21 day time limitation of Rule 1:1. Collins also contended that the authority the circuit court cited in the dismissal order, Rule 3:5(e) and Nelson, authorize dismissal of a suit only after process has been served on the defendant more than one year after filing and only after the defendant files a motion to dismiss, neither of which occurred in this case. Collins further contended that circuit courts are authorized by statute to clear inactive cases from their dockets through the mechanism prescribed in Code § 8.01-335. Finally, Collins contended that the circuit court's Local Rule 2(F)(3) was invalid under Code § 8.01-4 because it abridged

_____

will accept that assertion as accurate.

6

Collins' substantive right to nonsuit the action prior to service of process on Shepherd.

In order to consider the issues presented, the circuit court entered an order on April 6, 2006 vacating its prior order granting Collins a nonsuit. Subsequently, the circuit court issued a letter opinion in which it rejected Collins' assertions that the October 20, 2005 dismissal order was void ab initio. The circuit court stated that the procedure used to dismiss Collins' case was a "docket control procedure" created to deal with "moribund" cases where no service has been made within a year and the plaintiff has failed to exercise due diligence to effectuate service. The circuit court concluded that its docket control procedure was not inconsistent with the provisions of Code § 8.01-4 authorizing circuit courts to adopt such docket control procedures so long as they do not "abridge the substantive rights of the parties." Addressing Collins' contention that his case remained viable after one year because he still had a right to nonsuit and refile, the circuit court noted that Collins had the opportunity to exercise his right to nonsuit up until the return date on the notice of dismissal. The circuit court acknowledged that Code § 8.01-335 provided a mechanism for clearing its docket of inactive cases, but found that mechanism inadequate to prevent the "indefinite tolling of the

7

statute of limitations and harassment of the defendant," which was an abuse that Rule 3:5(e) was designed to prevent. The circuit court explained that the local rule was intended to prevent such abuse while at the same time giving the plaintiff the "opportunity to protect his substantive rights."

Accordingly, the circuit court ruled that the October 20, 2005 dismissal order was valid. Collins filed a motion for reconsideration. By order entered May 26, 2006, the circuit court ruled that the dismissal order was not void ab initio, denied Collins' motions to vacate the dismissal order and for reconsideration, and dismissed Collins' September 7, 2004 suit. This appeal followed.

## DISCUSSION

In three assignments of error, Collins principally asserts that the circuit court's October 20, 2005 dismissal order was void ab initio because it was entered pursuant to an invalid local rule. According to Collins, the local rule is invalid because it abridges his substantive right to take a nonsuit and refile his case, conflicts with the procedures for discontinuance set forth in Code § 8.01-335, and permits dismissal of a case that was never served on the defendant in contravention of Rule 3:5(e), which he asserts applies only where the defendant is served with process outside of the one-year period. Shepherd assigns cross-error on two grounds:

8

(1) that the dismissal order was a final order and all orders entered subsequent to it were void, and (2) this Court is without jurisdiction over this appeal because Collins did not appeal the dismissal order, which was entered on October 20, 2005, until June 16, 2006.  Because the assignments of error and cross-error raise solely questions of law, we will apply a de novo standard of review.  Janvier v. Arminio, 272 Va. 353, 363, 634 S.E.2d 754, 759 (2006).

Similar to Rule 3:5(e), the local rule at issue targets cases not served within a year of filing.  Rule 3:5(e) provides that "[n]o order, judgment or decree shall be entered against a defendant who was served with process more than one year after the institution of the action against that defendant unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on that defendant."  However, unlike the local rule, Rule 3:5(e) does not expressly contemplate dismissal of cases not served within a year, although such cases are potentially subject to dismissal under Rule 3:5(e) upon motion by the defendant.  See Gilbreath v. Brewster, 250 Va. 436, 440, 463 S.E.2d 836, 837 (1995).

Despite the local rule's reference to Rule 3:5(e), the critical question raised in this appeal is whether the circuit court had the authority to adopt a local rule that essentially

9

translates Rule 3:5(e) into a mode of procedure for the court

dismissing unserved cases sua sponte.[5]  Collins asserts that

the circuit court did not have such authority because the

local rule violates the provisions of Code § 8.01-4.  Code

§ 8.01-4 provides that:

> The district courts and circuit courts may,
> from time to time, prescribe rules for their
> respective districts and circuits.  Such rules shall
> be limited to those rules necessary to promote
> proper order and decorum and the efficient and safe
> use of courthouse facilities and clerks' offices.

_____

[5] The linchpin of the analysis in the dissenting opinion
in this case upon which rests the ultimate conclusion that the
circuit court's erroneous October 20, 2005 dismissal order was
merely voidable and not void ab initio is the initial
conclusion that the circuit court did not enter that order
pursuant to its Local Rule 2(F)(3) but, rather, pursuant to
our Rule 3:5(e).  It reaches that conclusion by applying the
settled principle that a court speaks only through its written
orders.

In this case, however, the parties do not dispute that
the authority upon which the circuit court dismissed Collins'
action was the circuit court's Local Rule 2(F)(3).  This is
supported by the record before us in this appeal.  Indeed, the
circuit court in its opinion letter of April 19, 2006, which
it subsequently incorporated into its May 26, 2006 order
holding that the October 20, 2005 dismissal order was not
void, leaves no room for dispute that the circuit court
entered the dismissal order in reliance upon the "docket
control procedure this court has adopted."  The docket control
procedure adopted by the circuit court is Local Rule 2(F)(3)
and obviously not our Rule 3:5(e).  Additionally, if there
could be any remaining doubt, the circuit court explained in
some detail in its opinion letter its concern with our
decision in Gilpin v. Joyce, 257 Va. 579, 515 S.E.2d 124
(1999), which addressed the application of Rule 3:3(c), now
Rule 3:5(e), and, thus, why it was relying upon its docket
control procedure instead.

No rule of any such court shall be prescribed or enforced which is inconsistent with this statute or any other statutory provision, or the Rules of Supreme Court or contrary to the decided cases, or which has the effect of abridging substantive rights of persons before such court. Any rule of court which violates the provisions of this section shall be invalid.

The courts may prescribe certain docket control procedures which shall not abridge the substantive rights of the parties nor deprive any party the opportunity to present its position as to the merits of a case solely due to the unfamiliarity of counsel of record with any such docket control procedures.

Collins contends that the local rule is invalid because it abridged his substantive right to proceed with his lawsuit, noting that even after failing to serve Shepherd with process within one year of filing his civil action, he retained the right to take a nonsuit under Code § 8.01-380 and subsequently recommence the action against Shepherd. Collins also asserts that the local rule is invalid because it conflicts with the provisions governing the discontinuance of cases set forth in Code § 8.01-335. We agree with Collins.[6]

_____

[6] Collins' assignments of error also raise the issue of whether Rule 3:5(e) only applies when the defendant is served with process more than one year after filing, and here Shepherd was never served. Our decision in Gilpin resolves this issue. 257 Va. at 582, 515 S.E.2d at 126 ("[T]his rule applies only where there has been service of process.").

11

Code § 8.01-4 delegates to circuit courts the authority to establish rules regarding the management of their courts and the cases handled therein.  Clearly, however, Code § 8.01-4 denotes that such authority must be carefully exercised so that local rules do not encroach upon statutes, Rules of Court, or case law.  To this end, Code § 8.01-4 expressly states that local rules must not "abridge the substantive rights of the parties" or deprive any party from having a case heard on the merits, reflecting the General Assembly's intention that local rules govern the administration, but not become the determining factor in the ultimate outcome, of cases.

Here, by operation of a procedure effectuated solely by its local rule, the circuit court dismissed Collins' case with prejudice without the case being heard on the merits.  In the absence of this local rule, Collins would have retained the right to take a nonsuit and refile his civil action beyond the one-year limitation period established by the local rule.  See Code § 8.01-380; Berry v. F&S Fin. Mktg., 271 Va. 329, 332-33, 626 S.E.2d 821, 823 (2006) (citing Waterman v. Halverson, 261 Va. 203, 208, 540 S.E.2d 867, 869 (2001); McManama v. Plunk, 250 Va. 27, 32, 458 S.E.2d 759, 762 (1995)).  The dismissal under a local rule of a case that the plaintiff would otherwise be able to pursue under the Code, case law, and

Rules of Court exceeds the authority delegated to circuit courts under Code § 8.01-4.

The tension between this particular local rule and the Code is further demonstrated by a comparison of this rule to Code § 8.01-335, which governs circuit courts' authority to discontinue inactive cases. Code § 8.01-335 provides, in relevant part, that:

A. [A]ny court in which is pending an action, wherein for more than two years there has been no order or proceeding, except to continue it, may, in its discretion, order it to be struck from its docket and the action shall thereby be discontinued. However, no case shall be discontinued if either party requests that it be continued. The court shall thereafter enter a pretrial order pursuant to Rule 4:13 controlling the subsequent course of the case to ensure a timely resolution of that case. If the court thereafter finds that the case has not been timely prosecuted pursuant to its pretrial order, it may strike the case from its docket. The clerk of the court shall notify the parties in interest if known, or their counsel of record at his last known address, at least fifteen days before the entry of such order of discontinuance so that all parties may have an opportunity to be heard on it. Any case discontinued under the provisions of this subsection may be reinstated, on motion, after notice to the parties in interest if known or their counsel of record, within one year from the date of such order but not after.

B. Any court in which is pending a case wherein for more than three years there has been no order or proceeding, except to continue it, may, in its discretion, order it to be struck from its docket and the action shall thereby be discontinued. The court may dismiss cases under this subsection without any notice to the parties. The clerk

13

shall provide the parties with a copy of the final order discontinuing or dismissing the case. Any case discontinued or dismissed under the provisions of this subsection may be reinstated, on motion, after notice to the parties in interest, if known, or their counsel of record within one year from the date of such order but not after.

Under Code § 8.01-335(A), the earliest point at which the circuit court may discontinue a pending case is after two years of inactivity, and even then discontinuance may be ordered only if neither party requests a continuance or the parties fail to abide by a schedule set by the court following a continuance.[7]  A case must be inactive for three years before

---

[7] After the trial court's disposition in this case, and after the briefing in this appeal was completed, the General Assembly has added a new subsection (D) to Code § 8.01-335, effective July 1, 2007, which provides:

Any court in which is pending a case wherein process has not been served within one year of the commencement of the case may, in its discretion, order it to be struck from the docket, and the action shall thereby be discontinued.  The clerk of the court shall notify the plaintiff or his counsel of record at his last known address at least 30 days before the entry of an order of discontinuance so that the plaintiff may have an opportunity to show that service has been timely effected on the defendant or that due diligence has been exercised to have service timely effected on the defendant. Upon finding that service has been timely effected or that due diligence has been exercised to have service timely effected, the court shall maintain the action on the docket and, if service has not been timely effected but due diligence to effect

14

a circuit court may dismiss a case sua sponte under Code
§ 8.01-335(B).  Additionally, Code § 8.01-335 provides the
parties to a discontinued case the opportunity to reinstate
the case within one year of the discontinuance.

In comparison to Code § 8.01-335, Local Rule 2(F)(3)
would drastically expand the circuit court's authority to
dismiss an inactive case by permitting dismissal, sua sponte,
after one year rather than after two or three years.
Furthermore, unlike Code § 8.01-335 the local rule does not
provide an opportunity for revival of a discontinued case,
thus the local rule totally ignores the statutory distinction
between a discontinuance and a dismissal with prejudice.  As
Code § 8.01-4 expressly provides, "[n]o rule . . . shall be
prescribed or enforced which is inconsistent with . . . any
. . . statutory provision."  Here, the inconsistency between

---

service has been exercised, shall require the
plaintiff to attempt service in any manner permitted
under Chapter 8 (§ 8.01-285 et seq.) of this title.
Nothing herein shall prevent the plaintiff from
filing a nonsuit under § 8.01-380 before the entry
of a discontinuance order pursuant to the provisions
of this subsection.  Nothing in this subsection
shall apply to asbestos litigation.

We express no opinion about the validity of the subject local
rule of court in light of this amendment to the statute.

15

Local Rule 2(F)(3) and Code § 8.01-335 is palpable and beyond debate.

For these reasons, the circuit court did not have the authority under Code § 8.01-4 to adopt a local rule permitting the sua sponte dismissal with prejudice of cases not served within a year of the filing date. Accordingly, we hold that Local Rule 2(F)(3), which purports to authorize the circuit to do so, is invalid. Thus, the circuit court's entry of the October 20, 2005 dismissal order based on that local rule was in error.

We turn now to address the effect, if any, of Collins' failure to challenge the October 20, 2005 dismissal order until after the twenty-one day period set forth in Rule 1:1. Under Rule 1:1, "final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Collins took no action regarding the October 20, 2005 order until March 10, 2006, well beyond the twenty-one day period.

Collins contends that the circuit court entered the dismissal order pursuant to a "mode of procedure the court could not lawfully adopt," making the dismissal order void ab initio and, thus, not subject to the limitation period of Rule

16

1:1.  Shepherd responds that even if the circuit court's entry of the dismissal order was in error, such error merely rendered the order voidable, not void ab initio.  Therefore, Shepherd argues that the dismissal order was subject to Rule 1:1.  Again, we agree with Collins.

An order is void ab initio, rather than merely voidable, if "the character of the judgment was not such as the court had the power to render, or because the mode of procedure employed by the court was such as it might not lawfully adopt."  See Evans v. Smyth-Wythe Airport Comm'n, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998); Lapidus v. Lapidus, 226 Va. 575, 579, 311 S.E.2d 786, 788 (1984); Watkins v. Watkins, 220 Va. 1051, 1054, 265 S.E.2d 750, 753 (1980); Barnes v. American Fertilizer Co., 144 Va. 692, 706, 130 S.E. 902, 906 (1925); Anthony v. Kasey, 83 Va. 338, 340, 5 S.E. 176, 177 (1887).  An order that is void ab initio is a "complete nullity" that may be "impeached directly or collaterally by all persons, anywhere, at any time, or in any manner."  Singh v. Mooney, 261 Va. 48, 52, 541 S.E.2d 549, 551 (2001).

In this case, the procedure utilized by the circuit court to enter the dismissal order was done pursuant to a local rule that, under Code § 8.01-4, the circuit court was not authorized to adopt.  As such, the "mode of procedure" utilized by the circuit court was one that it could "not

17

lawfully adopt." Accordingly, the dismissal order was void ab initio and subject to challenge at any time.[8]

CONCLUSION

For the foregoing reasons, we hold that the circuit court erred in entering the October 20, 2005 order dismissing Collins' lawsuit against Shepherd, and that the dismissal order was void ab initio. We further hold that Collins was entitled to the nonsuit granted by the circuit court's March 16, 2006 order and, accordingly, the April 6, 2006 order vacating that order was entered in error and upon remand Collins' subsequent action against Shepherd is to be restored if necessary to the circuit court's active docket. We will reverse the judgment of the circuit court and remand the case for further proceedings in accordance with the principles stated herein.

<u>Reversed and remanded</u>.

JUSTICE KINSER, with whom JUSTICE AGEE and SENIOR JUSTICE LACY join, concurring in part and dissenting in part.

I concur in the portion of the majority opinion holding that the circuit court's entry of the October 20, 2005 dismissal order was in error. However, the majority also

---

[8] In light of our resolution of these issues, we need not address any remaining issues raised in Shepherd's assignments

18

concludes that the dismissal order was void ab initio.  I respectfully disagree.  The dismissal order was not void ab initio because it involved an action by the circuit court that was in error rather than an action concerning the underlying authority of the circuit court to act on a matter.  See Singh v. Mooney, 261 Va. 48, 51, 541 S.E.2d 549, 551 (2001).

The majority focuses on the Circuit Court of the City of Norfolk Local Rule 2(F)(3) and states that the "critical question raised in this appeal is whether the circuit court had the authority to adopt a local rule that essentially translates Rule 3:5(e) into a mode of procedure for the court dismissing unserved cases sua sponte."  By its terms, that local rule only authorizes the clerk of the circuit court to send a notice of dismissal to a plaintiff's counsel advising that, because the plaintiff's civil action has not been served within one year after commencement of the action, it will be dismissed unless the plaintiff has exercised due diligence to serve process.

While the local rule at issue was the impetus for the notice of dismissal being sent to counsel for the plaintiff,

_____

of cross-error.

Larry R. Collins,[9] it was not the authority upon which the circuit court relied to enter the October 20, 2005 order dismissing the action filed by Collins against Faye M. Shepherd. Instead, the court stated in the dismissal order that "[Collins] having failed to show that due diligence was exercised to have timely service upon [Shepherd], and it seeming proper to the [c]ourt to do so, it is ORDERED that this case be dismissed with prejudice in accordance with Supreme Court Rule [3:5(e)] and Nelson v. Vaughan, 210 Va. 1[, 168 S.E.2d 126] (1969)."[10] (Emphasis added.) Thus, contrary to the majority's conclusion, the circuit court did not dismiss Collins' action "by operation of a procedure effectuated solely by its local rule." Speaking through the plain terms of its written order, the circuit court, instead, applied this Court's Rule 3:5(e) and our decision in Nelson to

---

[9] The notice of dismissal sent to Collins' counsel stated that, pursuant to the predecessor of current Rule 3:5(e) and Nelson v. Vaughan, 210 Va. 1, 168 S.E.2d 126 (1969), the circuit court would dismiss the action because Shepherd had not been served with process within one year unless the court found that Collins had exercised due diligence to serve process.

[10] In Nelson, the trial court dismissed an action because of a "long delay" in serving process on the defendant. 210 Va. at 1-2, 168 S.E.2d at 127. We reversed the trial court's judgment because process had been served within one year after the filing of the motion for judgment. Id.

20

dismiss the action.[11]  See Conyers v. Martial Arts World, 273

Va. 96, 103, 639 S.E.2d 174, 177 (2007) ("[A] court speaks

only through its written orders."); Rose v. Jaques, 268 Va.

137, 147, 597 S.E.2d 64, 70 (2004) (same); Upper Occoquan

Sewage Auth. v. Blake Constr. Co., 266 Va. 582, 588, 587

S.E.2d 721, 724 (2003) (same).

There is no question that the circuit court erred in

dismissing Collins' action because the court misconstrued the

provisions of Rule 3:5(e).  As we explained in Gilpin v.

Joyce, 257 Va. 579, 515 S.E.2d 124 (1999), only a defendant

who has been served with process more than one year after

commencement of an action can invoke the provisions of Rule

---

[11] In a letter opinion incorporated by reference in its
May 26, 2006 order denying Collins' motion to vacate the
dismissal order, the circuit court referenced a "docket
control procedure" that, in its view, was designed to allow a
defendant "to have a stale claim against him dismissed."  The
docket control procedure reflected in Local Rule 2(F)(3)
provided the circuit court with a method to identify what it
regarded as stale claims, but it was not the basis of the
circuit court's dismissal order.  See Berean Law Group, P.C.
v. Cox, 259 Va. 622, 627, 528 S.E.2d 108, 111 (2000) (holding
that an oral ruling of a court cannot nullify its written
order); Wagner v. Shird, 257 Va. 584, 588, 514 S.E.2d 613, 615
(1999) (holding that an agreement of parties extending stay
cannot change terms of court's written order).
    I also disagree with the majority's assertion that the
local rule abrogated Collins' right to take a nonsuit.  After
the circuit court issued the notice of dismissal, nothing
precluded Collins' from taking a nonsuit pursuant to Code

21

3:5(e) in order to obtain a dismissal of the action with prejudice. Id. at 583, 515 S.E.2d at 126; see also Gilbreath v. Brewster, 250 Va. 436, 442, 463 S.E.2d 836, 838 (1995) ("[A] dismissal under Rule [3:5(e)] is a dismissal with prejudice."). When the circuit court dismissed the action, Collins had not served Shepherd with process, nor had Shepherd filed any pleading invoking the provisions of Rule 3:5(e).

Collins' argument that the circuit court's dismissal order was void ab initio is similar to the argument we rejected in Singh. There, the trial court entered an order that did not comply with the provisions of Rule 1:13. 161 Va. at 51, 541 S.E.2d at 551. The issue before us was whether the order was "void ab initio or merely voidable." Id. at 50, 541 S.E.2d at 550. We held that "a claim that an order does not comply with Rule 1:13 is a claim that the trial court abused its discretion in dispensing with the requirements of the Rule when it entered the order." Id. at 52, 541 S.E.2d at 552. Such a claim "involves a question of court error; it is not a question of the jurisdiction or authority of the court to enter the order." Id. at 52, 541 S.E.2d at 552.

---

§ 8.01-380. Indeed, the circuit court acknowledged this fact in its letter opinion.

22

Likewise, in the case before us, the circuit court's failure to adhere to the provisions of Rule 3:5(e) when it dismissed Collins' action raises a question of error by the court. See Parrish v. Jessee, 250 Va. 514, 521, 464 S.E.2d 141, 145 (1995) ("The validity of a judgment based upon a challenge to the application of a statute raises a question of trial error, and not a question of jurisdiction."). "[I]f the inferior court has jurisdiction of the subject matter of the controversy, and the parties are before it, . . . a mistaken exercise of that jurisdiction does not render its judgment void." County School Bd. v. Snead, 198 Va. 100, 107, 92 S.E.2d 497, 503 (1956). An order containing reversible error, such as the dismissal order at issue, "is merely voidable [and] may be set aside by motion filed in compliance with Rule 1:1 or provisions relating to the review of final orders" such as Code § 8.01-428. Singh, 261 Va. at 52, 541 S.E.2d at 551.

A trial court has the power to dismiss an action pending before it. That it does so for the wrong reason does not render its dismissal order void ab initio. An order is void ab initio only "if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it, . . . if the mode of procedure used by the court was one that the court could 'not lawfully adopt,' " id. at

23

51-52, 541 S.E.2d at 551 (quoting Evans v. Smyth-Wythe Airport Comm'n, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998)), or if the order was obtained by extrinsic or collateral fraud. Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987).

Nevertheless, the majority concludes that the circuit court employed a "mode of procedure" that it could "not lawfully adopt" and that the dismissal order was therefore void ab initio. That "mode of procedure," according to the majority, was "the procedure utilized by the circuit court to enter the dismissal order . . . pursuant to a local rule that, under Code § 8.01-4, the circuit court was not authorized to adopt." As I previously explained, the local rule authorized only the issuance of a notice of dismissal. And, the circuit court relied on Rule 3:5(e), not the local rule, as the authority for its dismissal order. Moreover, the few cases cited by the majority in which this Court has addressed whether an order was void ab initio because the "character of the judgment was not such as the court had the power to render, or because the mode of procedure employed by the court was such as it might not lawfully adopt" are inapposite. Evans, 255 Va. at 73, 495 S.E.2d at 828.

Three of those cases involved issues that arose in the context of divorce proceedings and addressed the validity of orders awarding certain types of relief that were not

24

authorized by statute.  In Barnes v. The American Fertilizer Co., 144 Va. 692, 130 S.E. 902 (1925), we stated that, without specific statutory authority, a circuit court "has no power to transfer to the wife any specific portion of her husband's real estate as alimony," and that the character of such an order doing so would not be such as the court had the power to render.  Id. at 709, 130 S.E. at 907.  We concluded, however, that the order at issue there was "within the limits of the court's jurisdiction, and did not constitute an attempt on the part of the court to transfer to [the wife] title to her husband's real estate as alimony."  Id. at 714, 130 S.E. at 908.  Similarly, in Watkins v. Watkins, 220 Va. 1051, 265 S.E.2d 750 (1980), the issue before us was whether "the trial court, as a part of the maintenance and support provisions of the final decree, [had] jurisdiction to enjoin the husband from disposing of his shares of stock in two family-owned corporations."  Id. at 1051-52, 265 S.E.2d at 751.  We concluded that "the court lacked the statutory power to lawfully adopt the remedy in question."  Id. at 1055, 265 S.E.2d at 753.  Finally, in Lapidus v. Lapidus, 226 Va. 575, 311 S.E.2d 786 (1984), the trial court directed the husband in a divorce proceeding "to contract for life insurance as a part of spousal support for his wife."  Id. at 577, 311 S.E.2d at 787.  Again, we found that "[n]othing in the divorce statutes

empowered the court to take the action it took." Id. at 579, 311 S.E.2d at 788.

In Anthony v. Kasey, 83 Va. 338, 5 S.E. 176 (1887), a surety attacked the validity of a personal judgment previously entered against him on the basis that the trial court lacked jurisdiction to render the decree. Id. at 339-40, 5 S.E. at 177. We affirmed the trial court's judgment that the decree was null and void because the surety was not a party to the original suit and "the procedure by rule to bring [him] in and subject [him] for liability as suret[y] on the bond of the receiver . . . was against every sound principle of jurisprudence and without any recognized precedent." Id. at 341, 5 S.E. at 178.

The remaining case cited by the majority, Evans v. Smyth-Wythe Airport Commission, involved an order that restricted an airport commission's power of eminent domain. 255 Va. at 70, 495 S.E.2d at 826. We held that the order was "void ab initio because the circuit court did not have the power to render a judgment which permitted a governmental entity to relinquish the power or right of eminent domain." Id. at 74, 495 S.E.2d at 828. Neither this case nor the other cases discussed support the majority's position that the local rule, which the

26

majority declares invalid,[12] is tantamount to a "mode of procedure" that the circuit court could not lawfully adopt, thereby rendering its dismissal order void ab initio.

The circumstances in which a court employs a "mode of procedure" that it could not lawfully adopt or renders a judgment the character of which was beyond its power to render is perhaps best illustrated by this passage from Windsor v. McVeigh, 93 U.S. 274 (1876):

> All courts, even the highest, are more or less limited in their jurisdiction: they are limited to particular classes of actions, such as civil or criminal; or to particular modes of administering relief, such as legal or equitable; or to transactions of a special character, such as arise on navigable waters, or relate to the testamentary disposition of estates; or to the use of particular process in the enforcement of their judgments. Though the court may possess jurisdiction of a cause, of the subject-matter, and of the parties, it is still limited in its modes of procedure, and in the extent and character of its judgments. It must act judicially in all things, and cannot then transcend the power conferred by the law. If, for instance, the action be upon a money demand, the court, notwithstanding its complete jurisdiction over the subject and parties, has no power to pass judgment of imprisonment in the penitentiary upon the defendant. If the action be for a libel or personal tort, the court cannot order in the case a specific performance of a contract. If the action be for the possession of real property, the court is powerless to admit in the case the probate of a

---

[12] In my view, it is not necessary to decide whether Local Rule 2(F)(3) is invalid because the circuit court based its dismissal order on Rule 3:5(e), not the local rule.

will. . . . The judgments mentioned, given in the cases supposed, would not be merely erroneous: they would be absolutely void; because the court in rendering them would transcend the limits of its authority in those cases.

Id. at 282 (citation omitted). Surely, it cannot be said that a trial court "transcends the limits of its authority" when it dismisses an action properly before it, even when it does so erroneously, or when, according to the majority, it does so based on an invalid local rule.

Today's decision will allow litigants to mount collateral attacks on final judgments whenever a local rule, or even a Rule of this Court, is subsequently invalidated. In other words, litigants will be able to circumvent the mandate of Rule 1:1 that "final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." (Emphasis added.) For these reasons, I respectfully concur in part and dissent in part, and would affirm the judgment of the circuit court.

28