COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Petty and Beales
Argued at Chesapeake, Virginia


ANTOINE FITZGERALD SMITH

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2621-09-1                  JUDGE WILLIAM G. PETTY
                                                DECEMBER 14, 2010
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                        Frederick H. Creekmore, Judge

           Robert E. Kowalsky, Jr., for appellant.

           Richard B. Smith, Special Assistant Attorney General (Kenneth T.
           Cuccinelli, II, Attorney General, on brief), for appellee.


       Antoine Fitzgerald Smith was convicted of possessing a firearm after having been

previously convicted of a felony, in violation of Code § 18.2-308.2.  Smith appeals his

sentencing for this conviction, arguing that he was never properly sentenced because he was not

present when the trial court originally sentenced him.  Smith argues that the trial court erred in

originally sentencing him in his absence and, therefore, that the trial court should have granted

his motion, made over a year later, requesting the trial court to re-sentence him.  For the reasons

discussed below, we conclude that Rule 1:1 barred the trial court's consideration of Smith's

contentions.

       Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

_____
       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The issue of whether the trial court had jurisdiction to rule on Smith's motion is a legal one that we review *de novo*. See Williams v. Commonwealth, 53 Va. App. 50, 55, 669 S.E.2d 354, 356 (2008).

Although Smith was present during the guilt phase of his trial, he absconded from the courtroom after the trial judge had instructed the jury regarding sentencing and before the judge received the jury's sentencing verdict and pronounced sentence. The jury sentenced Smith to a mandatory five-year imprisonment term. Despite Smith's absence, the trial judge imposed the jury sentence and added a three-year term of supervised probation upon release. He also issued a capias for Smith's arrest. The trial occurred on May 27, 2008, and the trial judge entered the final order on June 5, 2008. Smith's attorney filed a notice of appeal on July 7, 2008. However, that appeal was dismissed on August 1, 2008 for failure to timely pay the required filing fee.[1]

Smith was subsequently arrested on the capias. On November 10, 2009, he appeared before the trial court and argued that he should not have been sentenced in his absence. Smith requested that the trial court re-sentence him so that he would have an opportunity to perfect an appeal from his original conviction.[2] The trial court addressed the merits of the motion and held that by absconding, Smith had waived his right to be present at sentencing.[3] On November 16,

---

[1] Because the present appeal was not filed within thirty days of the trial court's original June 5, 2008 order, we have no jurisdiction to consider whether the trial court erred in sentencing Smith in his absence at the original trial proceeding. See Rule 5A:6(a).

[2] The trial court referred to this request as a motion for reconsideration.

[3] The Commonwealth's Attorney did not object to the trial court's lack of jurisdiction. The only argument presented to the trial court was that the defendant had waived his right to be present at sentencing. However, because we conclude that the trial court's order denying Smith's motion for reconsideration was void ab initio for lack of jurisdiction under Rule 1:1, the Commonwealth was not required to challenge the trial court's jurisdiction. Here, lack of jurisdiction can be, and was, raised by the Attorney General for the first time on appeal. See Collins v. Shepherd, 274 Va. 390, 402, 649 S.E.2d 672, 678 (2007) ("An order that is void ab initio is a 'complete nullity' that may be 'impeached directly or collaterally by all persons,

2009, it entered an order "den[ying] the defendant's motion for reconsideration, for the reasons stated on the record." Although Smith has timely appealed the trial court's order denying this motion, we conclude that the trial court did not have jurisdiction to rule on the motion under Rule 1:1.

Rule 1:1 states:

> All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer. . . . The date of entry of any final judgment, order, or decree shall be the date the judgment, order, or decree is signed by the judge.

Rule 1:1 is a jurisdictional rule. City of Suffolk v. Lummis Gin Co., 278 Va. 270, 276, 683 S.E.2d 549, 552 (2009) ("'Once a final judgment has been entered and the twenty-one day time period of Rule 1:1 has expired, the trial court is thereafter without jurisdiction in the case.'" (quoting Super Fresh Food Mkts. v. Ruffin, 263 Va. 555, 563, 561 S.E.2d 734, 739 (2002))); see also Ghameshlouy v. Commonwealth, 279 Va. 379, 390, 689 S.E.2d 698, 703 (2010); Davis v. Mullins, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996); In re Dep't of Corr., 222 Va. 454, 464-65, 281 S.E.2d 857, 863 (1981); Smith v. Commonwealth, 56 Va. App. 351, 372-73, 693 S.E.2d 765, 776 (2010) (Petty, J., dissenting) (collecting cases).

Here, the trial court's final order was dated June 5, 2008. Under Rule 1:1, the trial court's jurisdiction to entertain a motion for reconsideration terminated on June 26, 2008. Thus, when Smith asked the court to reconsider and re-sentence him over a year later, the trial court had no jurisdiction to entertain this request. Since the trial court had no jurisdiction to consider Smith's motion for reconsideration, its order denying this motion on the merits was void ab initio. See, e.g., Collins v. Shepherd, 274 Va. 390, 402, 649 S.E.2d 672, 678 (2007) (holding

---

anywhere, at any time, or in any manner.'" (quoting Singh v. Mooney, 261 Va. 48, 52, 541 S.E.2d 549, 551 (2001))).

that "[a]n order is void ab initio rather than merely voidable, if 'the character of the judgment was not such as the court had the power to render, or because the mode of procedure employed by the court was such as it might not lawfully adopt'" (quoting Evans v. Smyth-Wythe Airport Comm'n, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998))); Morgan v. Russrand Triangle Assocs., L.L.C., 270 Va. 21, 26-27, 613 S.E.2d 589, 591-92 (2005) (holding that a trial court's order entered without jurisdiction under Rule 1:1 was "of no force and effect"); Davis, 251 Va. at 150, 466 S.E.2d at 94-95 (holding that a trial court's order entered without jurisdiction under Rule 1:1 "was a nullity"); Va. Dep't of Corr. v. Crowley, 227 Va. 254, 264, 316 S.E.2d 439, 444 (1984) (holding that a trial court's orders entered after the twenty-one-day time period prescribed by Rule 1:1 were "void for lack of jurisdiction"). Although the trial court ruled on the merits of Smith's motion, it needed only to dismiss the motion for lack of jurisdiction.

For the foregoing reasons, we hold that the trial court had no jurisdiction under Rule 1:1 to rule on Smith's motion for reconsideration. Therefore, we vacate the order of November 16, 2009.

Vacated.