COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Fulton and Lorish
Argued at Fairfax, Virginia

UNPUBLISHED

AGUSTIN PEREZ

v.      Record No. 1795-24-4

LABORATORY CORPORATION OF
  AMERICA, ET AL.

MEMORANDUM OPINION[*] BY
JUDGE JUNIUS P. FULTON, III
DECEMBER 30, 2025

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Penney S. Azcarate, Judge

William Wirt Brock, IV (Edwin S. Booth; Carmichael Ellis & Brock,
PLLC; Booth Law PLLC, on briefs), for appellant.

Michael W. Robinson (Taylor S. Chapman; Venable LLP, on brief),
for appellee.

Agustin Perez appeals the trial court's refusal to revisit its dismissal with prejudice of his

medical malpractice complaint against Laboratory Corporation of America, Labcorp Staffing

Solutions, Inc., and Labcorp Employer Services, Inc. (collectively, Labcorp). The trial court

dismissed the complaint with prejudice because Perez failed to appear at the court's term day, and it

denied Perez's motion to set aside the order for lack of notice. On appeal, Perez contends that the

court's dismissal order is void ab initio because the trial court sent the notice to an incorrect address

from an unrelated case, rather than the address stated in Perez's pleadings. Finding that the trial

court erred in concluding that it was without power to revisit the dismissal order, we reverse.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

Perez sued Labcorp in the Circuit Court for the City of Virginia Beach, asserting a medical malpractice claim.[1]  In 2021, the Circuit Court of Virginia Beach granted Labcorp's motion to transfer venue to the Circuit Court of Fairfax County (trial court).  In January 2024, the trial court, sua sponte, scheduled a term day hearing for February 26, 2024, and mailed notices to counsel at their addresses from the trial court's proprietary system, not from the parties' pleadings.[2]  Perez's counsel, Edwin S. Booth, whose office is located in Virginia Beach, never received notice because the trial court sent it to an old address for a law firm that no longer existed and had never appeared in *this case*.  Before term day, the U.S. Postal Service returned Perez's undeliverable notice to the trial court, and the clerk's office filed the returned mail in the case record.

When only Labcorp's counsel appeared at term day, the trial court dismissed the case with prejudice because Perez failed to appear.  Labcorp's counsel signed the dismissal order, and the trial court dispensed with Perez's counsel's signature under Rule 1:13.  There is no evidence in the record that the trial court sent the dismissal order to Perez or that Labcorp disclosed to the trial court its recent contact with Perez at a mediation session just weeks before the term day.  A day after the dismissal, on February 27, 2024, the parties' mediator emailed the parties to attempt to resolve the matter, but Labcorp's counsel did not respond or indicate that the trial court had

---

[1] Perez filed the complaint in the clerk's office of the Circuit Court of Virginia Beach (not electronically); the signature block is signed by Edwin S. Booth, Parks Zeigler, PLLC 4768 Euclid Road, Suite 103, Virginia Beach, Virginia 23462.  The filing was accompanied by a cover sheet for filing civil actions, which also reflected the firm name and address.  A cover letter on letterhead from Parks Zeigler, with addresses in Virginia Beach and Chesapeake, counsel's email address, and direct dial phone number is also in the record.

[2] The trial court sent the notice of term day to Edward S. Booth at Shuttleworth, Ruloff, Swain, Haddad & Morecock PC, at 4525 South Boulevard, Suite 300, Virginia Beach VA 23452. The trial court did not explain on the record where it obtained this address.

dismissed the case.[3]  Perez learned of the dismissal in July 2024, when his counsel contacted Labcorp's counsel to set the case for trial.

In August 2024, Perez moved the trial court to set aside its dismissal order and to reinstate the case on the active docket.  Perez argued that an "actively litigated case should not be dismissed because of a fluke error involving a 10-year old address."  Perez contended that he would have received the term day notice if the trial court had used the address on any of the pleadings he filed in the case.[4]  Instead, it appeared to Perez's counsel that the trial court had used an address from an unrelated case counsel was associated with that had been before the court in 2014.  Perez asserted that he "did not receive notice and an opportunity to be heard on the matter," and he argued that the trial court should invalidate the February 2024 order as void ab initio "to ensure that this injustice does not stand."

After hearing argument in October 2024, the trial court denied Perez's motion and held that the case remained dismissed with prejudice.  The trial court concluded that it lacked jurisdiction to vacate the order, and it admonished Perez's counsel for failing to provide it with an updated address.  The trial court also informed Perez's counsel that he had "a responsibility as an attorney to give [his] updated law firm address to every court" where he had pending cases.  The trial court said it sent notice to the last address Perez had provided to the court and that the court could not "take every complaint and change an attorney's address to what is ever (sic) on their complaint."

Later in October 2024, Perez moved to supplement the record by including all briefing in the trial court record.  Perez contended that he had requested leave to file a reply brief supporting

---

[3] In early February 2024, the parties had engaged in an unsuccessful mediation.

[4] Perez's counsel's address had changed since the initial pleading, but Perez informed the court that he still received forwarded mail from his address of record.

his motion to set aside the dismissal order, but the trial court had denied the request. Perez argued that the reply brief should be part of the record on appeal, though he first filed it as an attachment to his motion to supplement in October 2024.[5] The reply brief mainly argued lack of due process, which had been raised as an issue at the hearing

On appeal, Perez contends that the dismissal order was void ab initio for lack of adequate notice and failure to satisfy due process. According to Perez, the term day notice was not reasonably calculated to ensure that he received notice because it was not sent to *any* of the addresses he provided on the pleadings in this case. He contends that notice to the "most recent address contained in the court file" would have provided effective notice. Perez argues that the trial court violated due process through its inadequate notice procedures and by dismissing the case after the term day notice was returned as undeliverable.

ANALYSIS

We review questions of law de novo. *Collins v. Shepherd*, 274 Va. 390, 397 (2007). A "trial court's jurisdiction is a question of law that is reviewed *de novo* on appeal." *Brown v. Brown*, 69 Va. App. 462, 468 (2018) (quoting *Reaves v. Tucker*, 67 Va. App. 719, 727 (2017)). Constitutional questions are also questions of law that we review de novo. *Shivaee v. Commonwealth*, 270 Va. 112, 119 (2005).

Article I, Section 11 of the Constitution of Virginia provides that "no person shall be deprived of his life, liberty, or property without due process of law." "One of the essentials of due process is notice." *Finkel Outdoor Prods. v. Bell*, 205 Va. 927, 931 (1965) (quoting 16 Am. Jur. 2d, *Constitutional Law*, § 560, p. 963). Due process requires "that a person shall have reasonable notice and a reasonable opportunity to be heard before an impartial tribunal, before

---

[5] Perez argues that the trial court appears to have considered the reply's arguments in ruling on whether to permit leave to reply. The record demonstrates that not only was the due process issue raised, but that the issue was addressed by both Labcorp and the trial court.

- 4 -

any binding decree can be passed affecting his right to liberty or property." *Smith v. Commonwealth*, 286 Va. 52, 59 (2013).

An order is void ab initio, rather than merely voidable, if "the character of the judgment was not such as the court had the power to render, *or* because the *mode of procedure employed by the court was such as it might not lawfully adopt*." *Collins*, 274 Va. at 402 (emphases added) (quoting *Evans v. Smyth-Wythe Airport Comm'n*, 255 Va. 69, 73 (1998)). An order that is void ab initio is a "complete nullity" that may be "impeached directly or collaterally by all persons, anywhere, at any time, or in any manner." *Id.* at 397 (quoting *Singh v. Mooney*, 261 Va. 48, 52 (2001)). "A judgment which is void ab initio is a judgment so affected by a fundamental infirmity that it is no judgment at all." *Hannah v. Commonwealth*, 303 Va. 109, 119 (2024).

To evaluate whether the dismissal order is void ab initio, we consider whether the trial court employed a "mode of procedure" that the court "might not lawfully adopt" as a basis for dismissing cases with prejudice. *Collins*, 274 Va. at 402. To satisfy due process, the mode of procedure must be reasonably calculated to notify counsel of record and provide a reasonable opportunity to be heard. *Smith*, 286 Va. at 59. And the mode of procedure must be one that the court might "lawfully adopt"; so, it cannot conflict with the Rules of Court and Code of Virginia. *Collins*, 274 Va. at 402.

Our Supreme Court precluded unlawful modes of procedure in *Collins v. Shepherd*. *Id.* at 403. In *Collins*, the Court found that a local rule contemplating dismissal of cases not served within a year unlawfully translated Rule 3:5(e)[6] into a procedure for dismissing unserved cases sua sponte, which exceeded the trial court's authority. *Id.* at 398-99. Finding the procedure unlawful for depriving a litigant of their right to a voluntary nonsuit under Code § 8.01-335, the Court declared

---

[6] Rule 3:5(e) provides that no order "shall be entered against a defendant who was served with process more than one year after the institution of the action against that defendant unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on that defendant."

the dismissal order void ab initio. *Collins* highlighted the limitations on powers of trial courts to establish local rules and procedures under Code § 8.01-4, which permits docket control procedures, but only if they do *not* "abridge the substantive rights of the parties nor deprive any party the opportunity to present its position as to the merits of a case solely due to the unfamiliarity of counsel of record with any such docket control procedures." Code § 8.01-4. "No civil matter shall be dismissed with prejudice by any district or circuit court for failure to comply with any rule created under this section." *Id.* The delegated authority under Code § 8.01-4 "must be carefully exercised," so local rules do not "deprive any party from having a case heard on the merits." *Shapiro v. Youngkin*, 279 Va. 256, 260 (2010) (quoting *Collins*, 274 Va. at 399). The General Assembly has mandated that local rules may not determine case outcomes. *Collins*, 274 Va. at 399.

Here, as part of its local docket control protocol, the trial court sua sponte issued a term day notice to an address that was not on the pleadings and that Perez never provided in connection with this case. Perez claimed he would have received *any* notices the trial court directed to counsel's address in the pleadings, but it failed to use that address. Instead, the trial court sent the term day notice to an address unconnected with this case, and the trial court never clarified the source of that address. Compounding the impropriety, the trial court proceeded to dismiss the case with prejudice despite the return of the term day notice as undeliverable *before* the hearing. The record does not disclose that the trial court took any other step to alert Perez to the hearing or the dismissal with prejudice.

We find that the docket control procedure of sua sponte issuing a term day notice to an address *not contained* in the pleadings or case record, when combined with actual evidence that no notice was received, constitutes an unlawful procedure exceeding the trial court's authority under Code § 8.01-4. As in *Collins*, the trial court's procedure of sending a term day notice to an address not of record constituted an unlawful mode of procedure, resulting in a sua sponte dismissal on a

- 6 -

basis unrelated to the merits of Perez's claims. Due to the unlawful procedure, the dismissal order is void ab initio, challengeable at any time. *Id.* at 403 (finding dismissal order void ab initio for failure to adopt a mode of procedure that the circuit court could lawfully adopt).

The trial court's local procedure violated Code § 8.01-4 in three ways. First, it deprived Perez of a trial on the merits due to his counsel's unfamiliarity with the local procedure of pulling addresses from unrelated, concluded matters rather than the case pleadings or the record. Second, the local practice undermined the purposes of Code § 8.01-271.1 and Rule 1:12, which respectively require signature blocks with case-specific contact information and service of pleadings "to each counsel of record." Perez's signature block provided the court with his proper address of record, and he had no reason to know that the trial court's proprietary system would issue notice to an address *not of record* from an unrelated 2014 case. The trial court erred in concluding that the lack of notice stemmed from attorney neglect.[7] Third, sending notice to the erroneous address from an unrelated case that was over ten years old was not reasonably calculated to provide Perez with notice and an opportunity to be heard, as required by due process.[8] *Smith*, 286 Va. at 59. Compounding its error, the trial court had ample reason to know that its notice was ineffective, given the returned undelivered postal notice filed with the court. However, the trial court still proceeded to an unfavored procedural dismissal without any further notice to Perez. In short, the trial court's term day notice was not reasonably calculated to reach Perez, so its "mode of procedure" was one that the court "might not lawfully adopt." *See Collins*, 274 Va. at 402 (finding

---

[7] We agree that attorneys are obligated to update their addresses of record. But providing a signature block with a functional address is one potential means, absent clear protocols otherwise.

[8] Labcorp's argument that Perez waived his due process argument is unconvincing. Perez argued inadequate "notice and an opportunity to be heard" and contended that this was "a true due process issue." Labcorp's counsel clearly recognized that Perez's argument involved due process, as counsel countered that there was no "due process issue."

circuit court's mode of procedure unlawful); Code § 8.01-4 (precluding dismissal with prejudice for failure to comply with a docket control procedure).

Labcorp's counter-argument focuses on compliance with Rule 1:13, which misses the mark.[9] Citing *Singh*, Labcorp contends that a dismissal order failing to comply with Rule 1:13 would be at most void—not void ab initio, so the trial court lacked jurisdiction to vacate it. 261 Va. at 51. In *Singh*, the trial court initially dismissed a medical malpractice claim with prejudice for failure to make an expert witness available. *Id.* Then the trial court vacated its order as void ab initio because "'reasonable notice of the time and place of presenting such drafts . . .' of the final order was not properly given" as Rule 1:13 required. *Id.* On appeal, the Supreme Court held that the dismissal order was void as an abuse of discretion—not void ab initio—because Rule 1:13 provided discretion. Therefore, the trial court lacked jurisdiction to overturn the voidable order after the expiration of the 21-day jurisdictional period. *Id.* at 54.

Unlike in *Singh*, the central issue here is not an abuse of the trial court's discretion under Rule 1:13; the issue is whether the trial court could employ a local docket control practice to dismiss a case with prejudice on grounds unrelated to the merits of the case. *Singh* does not address this issue. Furthermore, counsel in *Singh* actually received the following: (a) an earlier order directing him to produce his expert; (b) the proposed order dismissing the case after he failed to make his expert available; and (c) the dismissal order terminating the action with prejudice. *Id.* at 50-51. Here, Perez received nothing, not even the term day notice or dismissal order.

Considering that the trial court's local procedure for utilizing addresses unconnected to the current litigation for term day notices was not reasonably calculated to provide notice to Perez, the

---

[9] Orders "shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served pursuant to Rule 1:12 upon all counsel of record who have not endorsed them." Rule 1:13. "Compliance with this Rule and with Rule 1:12 may be modified or dispensed with by the court in its discretion." *Id.*

resulting order is void ab initio under *Collins*. Void ab initio orders may be challenged at any time, and the trial court, therefore, erred in concluding that it lacked jurisdiction to revisit its dismissal order. *Collins*, 274 Va. at 402; *Bonanno v. Quinn*, 299 Va. 722, 737 (2021) (holding that the "21-day period provided by Rule 1:1 does not apply to a motion to vacate or set aside a judgment on the ground that it was void ab initio").

## CONCLUSION

Ultimately, the trial court violated Perez's due process rights because the term day notice was inadequate and the trial court had reason to know the notice was inadequate. Because Perez's rights to reasonable notice and an opportunity to be heard were abridged, the trial court violated Code § 8.01-4 and thus employed a mode of procedure it "might not lawfully adopt." *Collins*, 274 Va. at 402. Therefore, we conclude that the dismissal order was void ab initio and challengeable at any time. We reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*